HOBSON, Judge.
The appellant has appealed an order denying his second motion under Criminal Procedure Rule 1.850 (formerly Criminal Procedure Rule 1), 33 F.S.A. Appellant alleges that his second motion raises grounds for relief which are substantially different from those raised in his first motion. With this we agree and will consider his appeal on the merits.
Appellant’s second motion alleges that he was coerced into confessing; that his appointed counsel was inadequate; that he was insane because of fear and that he was in jail at the time of the offense for which he was convicted.
The trial court held a lengthy hearing upon appellant’s second motion. The appellant in this appeal contends that he was not given a full evidentiary hearing on his second motion in that all of his alleged grounds were not considered by the trial court.
While it might be true that each and every ground for relief included in the motion is not shown by the transcript of the hearing to have been presented or argued, the' transcript does conclusively show that the trial court gave the appellant and his attorney every opportunity to present all of the grounds contained in the motion.
The record reveals that the court made the following statements:
“* * * I want this man to have a full, fair and wide open hearing. Anything he wants to tell me himself or through Mr. Talley, I want to hear it.”
Again quoting the court:
“Do you have any further grounds you want to cite to the Court in support of this, whatever this is, Rule One or ha-beas corpus or whatever it is (sic) ?”
At no time did the appellant or his attorney endeavor, even after being asked by the court, to present any evidence on the grounds contained in the motion upon which they now claim they were denied the right to be heard. The movant' under a Criminal Procedure Rule 1.850 hearing has the burden of initially coming forward with some evidence to support his alleged grounds for relief. If he fails to present any evidence in support of the allegations in his motion, there is no burden upon the state to produce any evidence to refute such allegations. The primary purpose of granting a hearing under Criminal Procedure Rule 1.850 is to give the movant an opportunity to present evidence in support of his allegations.
For the above reasons the order denying appellant relief is affirmed.
ALLEN, Acting C. J., and PIERCE, J., concur.