423 So.2d 458 (1982)
Raymond TRENARY, Appellant,
v.
STATE of Florida, Appellee.
No. 81-2138.
District Court of Appeal of Florida, Second District.
December 8, 1982.
*459 Jerry Hill, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
CLARKE, THOMAS L., Jr., Associate Judge.
On September 5, 1980, two days before his sixteenth birthday, Raymond Trenary was indicted by the Hendry County Grand Jury for first degree murder. Trenary was charged with the August 17, 1980, stabbing death of Earl S. Dyess. On May 26, 1981, Trenary pled nolo contendere to a lesser included offense of second degree murder (ordinarily a first degree felony, but subject to enhancement to a life felony pursuant to section 775.087, Florida Statutes (1979)). Upon entering his plea, Trenary stated that he understood the penalty could be life in prison; however, prior to being sentenced on July 27, 1981, he contended that the sentence should be pursuant to the Youthful Offender Act (which at the time of the offense was mandatory[1]) which would limit the sentence to four years imprisonment followed by two years on community control. The trial judge declined to sentence pursuant to the Youthful Offender Act, but rather sentenced Trenary to one hundred thirty-seven years imprisonment, retaining jurisdiction over the first one third of the sentence.
The state concedes that unless Trenary was convicted of a life felony he meets all of the requirements for sentencing under the Youthful Offender Act, section 958.04, Florida Statutes (1979). Second degree murder is ordinarily a first degree felony; however, in the instant case since Dyess succumbed to a stabbing (with a knife), section 775.087, Florida Statutes (1979), must be considered in regard to whether the degree of the offense was enhanced to a life felony thus disqualifying Trenary from youthful offender treatment.
Section 775.087, Florida Statutes (1979), provides:
(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony.
The indictment charged Trenary with "stabbing the said Earl S. Dyess, Sr." Implied in such language is the use of some type weapon. The record is clear that the weapon consisted of a knife (not a common pocketknife) and as such amounts to a weapon as contemplated by section 775.087(1), Florida Statutes (1979). See Bryant v. State, 386 So.2d 237 (Fla. 1980); § 790.001(13), Fla. Stat. (1979). As a result, pursuant to section 775.087(1), Florida Statutes (1979), the offense was enhanced from that of a first degree felony to that of a life felony and thus Trenary did not qualify for sentencing under the Youthful Offender Act as section 958.04(1)(b), Florida Statutes (1979), requires, among other things, that the offense not exceed a first degree felony. Williams v. State, 407 So.2d 223 (Fla. 2d DCA 1981).
While the trial judge made no reference to section 775.087, Florida Statutes (1979), in ruling that the Youthful Offender Act was not applicable, it is well-settled law that a correct ruling of a trial court will be sustained even if incorrect reasons are assigned to the ruling. Moore v. City of St. Petersburg, 281 So.2d 549 (Fla. 2d DCA 1973).
*460 We therefore affirm the decision of the trial judge to refuse to sentence pursuant to the Youthful Offender Act. Consideration must, however, be given to section 39.111(6)(a), Florida Statutes (1979), as Trenary was a juvenile at the time of the offense. This provision requires that a trial court, when imposing adult sanctions on a juvenile convicted of a crime, receive and consider a predisposition report prepared by the Department of Health and Rehabilitative Services. Although we recognize that the penalty for a life felony is a minimum of thirty years, section 39.111(6)(a), Florida Statutes (1979), makes no distinction between the degree of the crime and thus the trial court is required to comply therewith when imposing adult sanctions. Leach v. State, 407 So.2d 1066 (Fla. 2d DCA 1981).
Accordingly, the judgment is affirmed, but the case is remanded for correction of the judgment to reflect that the crime of which appellant was convicted was committed while in possession of a weapon and for resentencing after compliance with section 39.111(6), Florida Statutes (1979).
GRIMES, A.C.J., and CAMPBELL, J., concur.
NOTES
[1] The mandatory sentencing provision has since been eliminated by the Legislature.