428 So.2d 369 (1983)
Ralph Daryle BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1548.
District Court of Appeal of Florida, Fifth District.
March 23, 1983.
*370 James B. Gibson, Public Defender, and Theresa K. Edwards, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Chief Judge.
Based on a plea of guilty to a charge of sexual battery in violation of section 794.011(3), Florida Statutes (1979), appellant was adjudged guilty and sentenced to incarceration for seventy-five years. The court retained jurisdiction over the first twenty-five years of the term, pursuant to section 947.16(3), Florida Statutes (Supp. 1978). On appeal from the judgment and sentence, appellant raises several issues, but only two warrant discussion.
The crime for which appellant was charged occurred in May, 1976. On September 30, 1976, appellant entered a plea of guilty to the charge. Based on psychiatric reports procured in response to appellant's motion, the trial court determined that appellant was a mentally disordered sex offender and, without sentencing him, committed appellant for hospitalization. Based on proceedings which followed, appellant was hospitalized until August, 1981, at which time the treatment staff recommended that he was no longer a sexual menace to society and should be returned to the court.
*371 On September 23, 1981, appellant appeared before the trial court[1] for sentencing, at which time he announced to the court that he wished to withdraw his guilty plea because it had not been voluntarily or intelligently made. The court continued the sentencing until November 5, 1981, to give appellant the opportunity to show good cause for withdrawal of the plea. On the new sentencing date, appellant's counsel indicated that she had nothing to offer by way of tangible evidence or testimony, only that appellant thought he was pleading to something less than a life felony. The trial court indicated that he had thoroughly acquainted himself with the record [Fla.R. Crim.P. 3.700(c)], and that he did not consider appellant's grounds sufficient to show good cause to set aside the plea. He adjudicated appellant guilty, sentenced him to seventy-five years in prison, and retained jurisdiction over the first twenty-five years thereof.
Appellant complains of error in the trial court's refusal to set aside the guilty plea. The withdrawal of a guilty plea is a question addressed to the sound discretion of the trial court, and appellate courts may reverse the trial court if an abuse of discretion is demonstrated, Castello v. State, 260 So.2d 198 (Fla. 1982). While a motion to withdraw a plea of guilty should be liberally construed in favor of a defendant, the defendant still must establish good cause for withdrawal of the guilty plea. Adler v. State, 382 So.2d 1298 (Fla. 3d DCA 1980). It is the defendant who has the burden of establishing grounds in order to be entitled to withdraw a guilty or nolo contendere plea, and mere naked allegations contained in a motion to withdraw, unsupported by any proof, can never constitute a basis for withdrawal of a plea. State v. Braverman, 348 So.2d 1183 (Fla. 3d DCA 1977). Despite two opportunities given appellant to do so, no good cause was shown the trial court, and we cannot say that he abused his discretion in rejecting the motion.
Appellant next contends that the trial court had no authority to retain jurisdiction over the first one-third of his sentence, because section 947.16(3) was first enacted in 1978, and the crime of which he was convicted was committed in 1976. Without question, the application of section 947.16(3) to a crime committed in 1976 is an ex post facto application of the law. State v. Williams, 397 So.2d 663 (Fla. 1981). Nevertheless, in order for us to consider a contention that retention of jurisdiction under these circumstances was error, the question must first be preserved for appellate review by proper objection raised in the trial court, and an appeal may then be taken from such adverse determination. In Williams v. State, 414 So.2d 509 (Fla. 1982), on the identical issue, after reaffirming the holding of State v. Williams, supra, the supreme court reviewed the record to determine if the contemporaneous objection rule had been complied with. These admonitions bear repetition:
We begin by considering a few longstanding propositions. In general, an appellate court may review only those questions properly presented to the trial court. Mariani v. Schleman, 94 So.2d 829 (Fla. 1957). Proper presentation requires a contemporaneous objection. Castor v. State, 365 So.2d 701 (Fla. 1978). Under the test established in Castor, an objection must be specific enough "to apprise the trial judge of the putative error and to preserve the issue for intelligent review on appeal."
Id. at 511.
The court then found that "notice of a challenge against the retroactive application of the statute was clearly given." We can find nothing in the record here to indicate that any objection at all was made below to the retention of jurisdiction, so we cannot review that issue on appeal.
AFFIRMED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] The original trial judge had been appointed to the federal bench, and a replacement judge now presided.