453 So.2d 1132 (1984)
Raymond TRENARY, Appellant,
v.
STATE of Florida, Appellee.
No. 83-959.
District Court of Appeal of Florida, Second District.
June 22, 1984.
Rehearing Denied August 9, 1984.
*1133 Jerry Hill, Public Defender, and L.S. Alperstein, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Defendant, Raymond Trenary, appeals his conviction and sentence for second degree murder after the trial court denied his motion to withdraw his nolo contendere plea.
Defendant was originally indicted for first degree murder for the stabbing death of Hendry County Sheriff Earl S. Dyess, Sr. Pursuant to a plea bargain, defendant pled nolo contendere to second degree murder, a first degree felony subject to life imprisonment. § 782.04(2), Fla. Stat. (1979). Upon entering his plea, defendant stated that he understood the penalty could be life in prison. At sentencing, however, he contended that the sentence should be pursuant to the Youthful Offender Act, section 958.011, Florida Statutes (1979), which would limit the sentence to four years imprisonment followed by two years community control. Defendant argued that inasmuch as second degree murder was a first degree felony, he satisfied all the requirements for sentencing under the Act. The trial judge refused to apply the Youthful Offender Act and then sentenced defendant to 137 years imprisonment, retaining jurisdiction over the first one-third of the sentence.
On appeal this court affirmed, noting that second degree murder, though ordinarily a first degree felony, was subject to enhancement to a life felony for use of a weapon:
The indictment charged Trenary with "stabbing the said Earl S. Dyess, Sr." Implied in such language is the use of some type weapon. The record is clear that the weapon consisted of a knife (not a common pocketknife) and as such amounts to a weapon as contemplated by section 775.087(1), Florida Statutes (1979). See Bryant v. State, 386 So.2d 237 (Fla. 1980); § 790.001(13), Fla. Stat. (1979). As a result, pursuant to section 775.087(1), Florida Statutes (1979), the offense was enhanced from that of a first degree felony to that of a life felony and thus Trenary did not qualify for sentencing under the Youthful Offender Act as section 958.04(1)(b), Florida Statutes (1979), requires, among other things, that the offense not exceed a first degree felony. Williams v. State, 407 So.2d 223 (Fla. 2d DCA 1981).
Trenary v. State, 423 So.2d 458 (Fla. 2d DCA 1982). The court remanded, however, for correction of the judgment to reflect the use of a weapon and for resentencing after compliance with section 39.111(6), Florida Statutes (1983).
Prior to resentencing, defendant filed a motion to withdraw his plea. As grounds therefor, defendant alleged that he entered his plea upon the advice of counsel, with the express understanding that he would be sentenced under the Youthful Offender Act. After argument on the matter, the court denied the motion and again sentenced defendant to 137 years, retaining jurisdiction for the first one-third of the sentence.
Our review of the hearing on the motion to withdraw the plea reveals that the trial court failed to address the key issue in this case: whether defendant pled nolo contendere in reliance on the attorney's belief that defendant would be sentenced under the Youthful Offender Act. The law is well settled that if a defendant *1134 enters a plea in reasonable reliance on his attorney's advice, which in turn was based on the attorney's honest mistake or misunderstanding, the defendant should be allowed to withdraw his plea. Costello v. State, 260 So.2d 198 (Fla. 1972); Brown v. State, 245 So.2d 41 (Fla. 1971). Although the record reflects a sufficient basis to find that an actual mistake or misunderstanding existed, we think this issue would be best determined by the trial court after testimony from, but not limited to, defendant and his trial attorney.
Accordingly, we remand the cause for a full evidentiary hearing on the issue.
BOARDMAN, A.C.J., and SCHEB and SCHOONOVER, JJ., concur.