458 So.2d 877 (1984)
Steven RITCHIE, Appellant,
v.
STATE of Florida, Appellee.
No. 84-790.
District Court of Appeal of Florida, Second District.
November 14, 1984.
*878 Jerry Hill, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Acting Chief Judge.
Appellant challenges the trial court's order denying his motion to withdraw a guilty plea which he allegedly entered under a factual misunderstanding which negated the benefit of his plea bargain. We reverse.
Before appellant entered the courtroom, his public defender advised the trial judge that appellant would plead guilty to the charged offenses of sexual battery of a child under the age of eleven, handling and fondling a child under the age of fourteen, and child abuse in exchange for the court's agreement to certain stated conditions. One of those express conditions included appellant's being "classified and held in the county jail" until picked up by federal and out-of-state officials to answer other pending charges. The trial judge immediately informed defense counsel that he had "no problem about recommending" appellant's retention in the county jail, but he questioned whether he had jurisdiction to require such placement. No one, however, apprised appellant of the judge's statement.
When appellant entered the courtroom, defense counsel reiterated the conditions under which his client was willing to plead. Without discussing his authority to carry out any of the announced conditions, or modifying them in any way, the trial judge accepted appellant's plea after ascertaining his competency and explaining the consequences of his plea. The record reflects that at one point in the colloquy, the trial judge even stated, "All right. And all the other matters indicated will be done. I will, however, order a pre-sentence investigation. Do you understand that?"[1]
Approximately one month after entering his plea, appellant learned that he would be returned to the state prison system where a "contract" had been issued on his life as a result of his previous cooperation with prison officials. He, consequently, moved to withdraw his guilty plea. After conducting a hearing, the trial court denied this motion and subsequently sentenced appellant to concurrent sentences of life imprisonment on the sexual battery charge, with *879 a twenty-five-year minimum mandatory sentence for that offense, five years on the charge of handling and fondling, and one year on the charge of child abuse. This timely appeal ensued.
A court should be liberal in exercising its discretion to permit a defendant to withdraw his guilty plea where he demonstrates that the plea was based upon a failure of communication or a misunderstanding of facts which were material in his decision to enter the plea. Forbert v. State, 437 So.2d 1079, 1081 (Fla. 1983); Brown v. State, 245 So.2d 41, 44 (Fla. 1971); Richardson v. State, 432 So.2d 750, 751 (Fla. 2d DCA 1983). The withdrawal of a guilty plea should not be denied in any case where it is evident that the ends of justice would be best served by permitting it. Jordan v. State, 107 So.2d 56 (Fla. 2d DCA 1958).
In the instant case, appellant entered his plea under the mistaken assumption that he would be retained in the county jail until transferred to answer criminal charges pending in other jurisdictions. Because this factor was of obvious importance in appellant's decision to plead, fundamental fairness requires that he be allowed to withdraw his plea when he was not apprised of the trial court's inability to ensure compliance with this condition. We, consequently, reverse appellant's judgment and sentence and remand with directions to permit appellant to withdraw his guilty plea, if he so desires, and to proceed to trial.
Reversed and remanded.
DANAHY and LEHAN, JJ., concur.
NOTES
[1] While we recognize the inconsistency of this statement, we cannot discern the judge's intent from the record nor will we engage in speculation on this point.