463 So.2d 408 (1985)
Antonio OWENS, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-11.
District Court of Appeal of Florida, Third District.
January 29, 1985.
Antonio Owens, in pro. per.
Jim Smith, Atty. Gen., for appellee.
Before BARKDULL, NESBITT and DANIEL S. PEARSON, JJ.
*409 PER CURIAM.
The defendant filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 on the ground of ineffective assistance of counsel, stating:
My lawyer refused to let me testify in my own defense and did not object to the jury instructions which stated I had the burden of proof.
It appears that the defendant might be entitled to relief if the allegations are established. See Knight v. State, 394 So.2d 997 (Fla. 1981). Despite this fact, the trial court summarily denied the motion finding the allegations legally insufficient to support the motion.
The numerous motions presented to trial courts under rule 3.850 allege a variety of reasons for which a defendant claims entitlement to relief. The resolution of these motions must fall within one of three enumerated categories: (1) the allegations in the motion are insufficient as a matter of law to support the relief prayed for, in which case the trial court should summarily deny the motion; (2) the allegations in the motion are sufficient on their face, but the record in the case indicates that the allegations are unfounded or that the defendant is entitled to no relief, in which case the trial court must attach the relevant portion of the record to the order denying relief; or (3) the allegations in the motion are sufficient on their face and the record in the case does not conclusively show that the defendant is entitled to no relief, in which case the trial court must hold an evidentiary hearing, after which the court may rule on the motion.
Thus, where, as here, the defendant has alleged a legally sufficient basis for relief, the trial court must either hold an evidentiary hearing or attach the relevant portions of the record which support the denial of the defendant's motion. While it is ultimately the trial court's responsibility to have the relevant portion of the record attached to an order denying the motion in the second category of cases, it may, of course, delegate this task to the attorneys. By following this procedure, the parties as well as this court are apprised of the reason for the trial court's action which serves to simplify and expedite the appellate process. A summary denial based upon legal insufficiency may not be substituted in place of these other alternatives. See Fla.R.Crim.P. 3.850; Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982); Van Bever v. State, 405 So.2d 474 (Fla. 5th DCA 1981).
Accordingly, we reverse and remand to the trial court to either attach the appropriate portions of the record to its order denying relief or hold an evidentiary hearing.