473 So.2d 820 (1985)
Raymond M. TRENARY, Appellant,
v.
STATE of Florida, Appellee.
No. 85-243.
District Court of Appeal of Florida, Second District.
August 9, 1985.
James Marion Moorman, Public Defender, and Paul Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Theda James Davis, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
This is an appeal from a denial of a motion to withdraw plea.
Appellant was indicted for the first degree murder of Hendry County Sheriff Earl Dyess, Sr. Pursuant to a plea bargain, he entered a plea of nolo contendere to the lesser offense of second degree murder. At that time, his counsel, R. Scott Laing, made the following announcement to the court:
MR. LAING: I have fully advised my client in front of his mother and step-father of all of his rights, and the possible penalties therefor.
Subsequently, the following plea colloquy took place:
THE COURT: Have you been informed of the possible penalty on the charge of second degree murder?
THE DEFENDANT: Yes.
THE COURT: What is that penalty?
THE DEFENDANT: Life in prison.
THE COURT: Mr. Trenary, do you understand that on a plea of nolo contendere, no contest, that the Court can and will find you guilty?
THE DEFENDANT: (Nodding affirmatively)
THE COURT: Do you understand that?
THE DEFENDANT: Yes, sir.

*821 THE COURT: Do you understand that you are giving up your right to face your accusers?
THE DEFENDANT: Yes, sir.
THE COURT: You're giving up your right of a trial by jury?
THE DEFENDANT: Yes, sir.
THE COURT: And that the Court can and will sentence you just exactly the same as if you had been found guilty by the jury on the charge of Second Degree Murder?
THE DEFENDANT: Yes, sir.
... .
THE COURT: Have you discussed the matter thoroughly with your attorney?
THE DEFENDANT: Yes, sir.
THE COURT: And do you understand all the possibilities?
THE DEFENDANT: Yes, sir.
At sentencing, his attorney maintained that appellant was entitled to mandatory treatment as a youthful offender under section 958.011, Florida Statutes (1979), because of his age and lack of a prior felony record. The court rejected appellant's contention and sentenced him to 137 years in prison.
On appeal, appellant continued to argue that the youthful offender status was mandatory. The state conceded that unless appellant's conviction constituted a life felony he was entitled to be sentenced as a youthful offender. This court held that appellant's offense was enhanced from that of a first degree felony to that of a life felony because of his use of a knife in committing the crime. Trenary v. State, 423 So.2d 458 (Fla. 2d DCA 1982). Hence, the trial court properly ruled that the Youthful Offender Act was not applicable. Id.
Thereafter, appellant filed a motion to withdraw his plea, asserting that he had entered his plea with the express understanding that he would be sentenced as a youthful offender. The court denied the motion without a hearing. On appeal, this court remanded the matter for an evidentiary hearing. Trenary v. State, 453 So.2d 1132 (Fla. 2d DCA 1984). Upon motion of the state attorney, Laing was then relieved of his responsibilities as appellant's counsel, and the public defender was appointed to represent appellant.
At the hearing appellant testified that Laing had advised him to plead no contest to second degree murder. Laing told him that he would be sentenced as a youthful offender to four years in prison and two years of community control, and he entered his plea upon this understanding. When asked if he recalled whether the court inquired as to his realization that the maximum sentence could be life, he responded, "Well, I figured with the deal or whatever that it was taken care of; so I said, `Yes, sir. I understand.'" Laing testified by deposition which was introduced into evidence that appellant's sole bargain with the state was for a plea to second degree murder. He said he told appellant that if he pled to second degree murder he would be sentenced under the mandatory section of the youthful offender statute to a maximum of four years incarceration followed by two years of community control. When asked whether he filed a motion to withdraw the plea following the imposition of the sentence, Laing responded, "No. We were going to appeal and go for strict enforcement of our reading  of the reading of the youthful offender statute. We wanted the benefit of the bargain." The assistant state attorney who handled the case testified that there was no bargain with respect to the sentence to be imposed and that sentencing under the Youthful Offender Act had never been discussed. The court denied appellant's motion to withdraw his plea, and the appeal from that order of denial is now before us.
Appellant contends that he is entitled to withdraw his plea as the product of an honest misunderstanding under the rationale of cases such as Costello v. State, 260 So.2d 198 (Fla. 1972); Brown v. State, 245 So.2d 41 (Fla. 1971); Tobey v. State, 458 So.2d 90 (Fla. 2d DCA 1984); Folske v. State, 430 So.2d 574 (Fla. 5th DCA 1983). The state responds by pointing out that unlike the instant case, the erroneous advice which was said to have prompted the defendant's plea in each of the cited cases was based upon a failure of communication or misunderstanding between the defense counsel and either the court or the prosecuting attorney.
*822 Before deciding this question, we note some additional circumstances which were present at the time appellant entered his plea. This court had already ruled that under the Youthful Offender Act, as then worded, a person charged with a first degree felony who otherwise qualified as a youthful offender by reason of age and prior record was entitled to insist upon sentencing under the act. Killian v. State, 387 So.2d 385 (Fla. 2d DCA 1980). However, the Third District Court of Appeal had held that a person who had been indicted rather than transferred for prosecution from the juvenile division of the court was not eligible for sentencing under the Youthful Offender Act. Postell v. State, 383 So.2d 1159 (Fla. 3d DCA 1980). Both of these cases were argued to the trial court at the time of sentencing. In rejecting appellant's arguments and sentencing him to 137 years, the court entered written findings of fact that he had used a knife in the commission of the murder, thereby enhancing appellant's crime to a life felony. Thus, at the time of appellant's first appeal, the court and counsel were aware of the unsettled state of the law.
A motion to withdraw a plea is addressed to the sound discretion of the trial court. Brown v. State, 428 So.2d 369 (Fla. 5th DCA 1983). Under all the circumstances, we believe the court acted within its discretion in denying appellant's motion to withdraw his plea.
Clearly, no plea bargain was made with respect to the sentence, and no discussion of the Youthful Offender Act had occurred between defense counsel and the prosecuting attorney or the court. A primary purpose of the plea colloquy is to determine whether the defendant fully understands the consequences of his plea. At the plea hearing, appellant's counsel volunteered that he had discussed the "possible penalties" with the appellant. Appellant did not give simply an affirmative answer to the court's question concerning the penalty. Instead, when asked what the penalty was for second degree murder, he responded, "life in prison."
It may be that Laing was attempting to obtain the acceptance of a plea to second degree murder without mention of the Youthful Offender Act because he surmised that the state would not be willing to enter into such a bargain and that the court might not approve it if it were known that sentencing under the act would be mandatory. Without passing upon the propriety of such conduct, this may have been a reasonable course of action for the benefit of his client. Laing's view of the law concerning the mandatory requirements of the Youthful Offender Act was ultimately borne out when the supreme court rejected the rationale of Postell and held that sentencing under the act was required for one charged with a first, second or third degree felony and who was otherwise qualified regardless of whether he had been transferred from the juvenile division. State v. Goodson, 403 So.2d 1337 (Fla. 1981). Thus, appellant would have been entitled to be sentenced under the act had his crime not been enhanced by virtue of the use of the knife.
Appellant's position would be stronger if he had sought to withdraw his plea as soon as he realized that the trial judge was not going to sentence him as a youthful offender. However, as Laing noted, rather than initially seeking to withdraw the plea, "we were going to appeal and go for strict enforcement of our reading ... of the youthful offender statute." Only when the tactical determination to pursue this avenue proved unsuccessful and at a time which was twenty months after sentencing and more than two and one half years after commission of the crime did appellant first seek to withdraw his plea. We cannot fault the trial judge for refusing to permit him to do so.
Affirmed.
RYDER, C.J., and OTT, J., concur.