495 So.2d 196 (1986)
Daniel R. LONERGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1531.
District Court of Appeal of Florida, Second District.
August 15, 1986.
Rehearing Denied September 25, 1986.
*197 Daniel R. Lonergan, pro se.
CAMPBELL, Judge.
Daniel R. Lonergan appeals the summary denial of his motion for post-conviction relief.
Appellant was charged with murder in the first degree, attempted burglary, attempted escape, battery on a law enforcement officer, five counts of burglary, and grand theft. He entered pleas of guilty to all charges and received a life sentence for first degree murder and five years concurrent imprisonment on the remaining charges.
In his motion for post-conviction relief, appellant set forth two allegations of ineffective assistance of counsel. The first allegation is that his plea of guilty to all of the charges was induced by his defense counsel telling him that if he pled guilty and subsequently cooperated with the state attorney in apprehending other persons involved in the murder, that he would receive a significant charge and sentence reduction within two years.
Upon review of appellant's motion, the trial judge entered an order directing the state attorney to show cause why an evidentiary hearing should not be held. The response from the state attorney requested that an evidentiary hearing be held on appellant's allegation regarding the alleged improper inducements made by defense counsel as such charges could not be refuted by the record. The trial court declined to hold an evidentiary hearing and summarily denied the motion.
A guilty plea induced by a promise of defense counsel that is not kept is involuntary. See Costello v. State, 260 So.2d 198 (Fla. 1972); Ream v. State, 449 So.2d 960 (Fla. 4th DCA 1984). The motion is a facially sufficient challenge to the voluntariness of appellant's plea and was not conclusively refuted by the record.
Appellant's second allegation concerning the failure of his defense counsel to investigate the charges and adequately render legal advice is without merit and was properly denied by the trial court.
Accordingly, we reverse in part the summary denial of appellant's motion. We remand this case to the trial court with directions to conduct an evidentiary hearing on appellant's claim of improper inducements made by defense counsel. If the trial court rules in appellant's favor, appellant should be permitted to withdraw his plea if he so desires. In the event the trial court again denies the motion, appellant must file a notice of appeal within thirty days to obtain further appellate review.
Affirmed in part, reversed in part, and remanded with directions.
RYDER, A.C.J., and HALL, J., concur.