# STATE OF FLORIDA v LASLEY and STATE OF FLORIDA v BUCHANAN

## Case Nos. 77-279-522P and 79-486-962S

County Court, Pinellas County

November 26, 1986

### APPEARANCES OF COUNSEL

**Lyndi A. Gordon,** Assistant State Attorney, for plaintiff.
**Robert W. Pope** for defendants.

## OPINION OF THE COURT

KARL B. GRUBE, County Judge.

### *ORDER CERTIFYING QUESTION OF GREAT PUBLIC IMPORTANCE*

THIS MATTER came to be heard upon the Defendants' Motions to Vacate Judgment and Sentence and For Leave to Withdraw Plea. The Court, having considered the argument of counsel, found as follows:

1. When the Defendants, LASLEY and BUCHANAN, respectively, appeared in Traffic Court for Arraignment on July 3, 1977 and April 19, 1979, there existed no provision for recording their Guilty Pleas either mechanically or by electronic means. It was not until July 18, 1979, pursuant to Administrative Order 79-5 rendered by Chief Judge Harry Fogle, that the Traffic Courts of Pinellas County, Florida, began using a written Plea Waiver form. For this reason, no record exists concerning whether the Defendants were informed of essential constitutional rights and whether they freely, voluntarily and intelligently waived such rights.

2. On July 3, 1977 and April 19, 1979, respectively, the Florida Rules of Practice and Procedure For Traffic Courts did not specify the required substance or accepted form for entry of a Plea of Guilty or No Contest. See *In re Transition Rule 20*, 306 So.2d 489 (Fla. 1974). On July 18, 1979, the Florida Rules of Practice and Procedure for Traffic Courts were amended and *Rule 6.200(c)* provided that:

> "All pleas entered in open court shall be recorded by an official court reporter or electronic means." See *In re Traffic Court Rules 6.200 and 6.470*, 372 So. 2d 1377 (Fla. 1979).

Thereafter, *Rule 6.200* was amended to require pleas entered in open court to be recorded by an official court reporter or electronic means,·

> ". . . unless the defendant signs a written waiver of this right." See *Rule 6.200(a)*, Rules For Traffic Court adopted February 11, 1982, *In re Florida Rules of Practice and Procedure For Traffic Courts*, 410 So.2d 1337 (Fla. 1982).

Although there existed no requirement prior to July 18, 1979 for the recording of pleas or for the written waiver of such requirement, there existed certain constitutional requirements for a valid plea. These requirements are spoken to in the case of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 2d 274 (1969). *Boykin* identified the three main constitutional rights waived by a guilty plea as being: the privilege against self incrimination, the right to trial by jury, and the

80

right to confront one's accusers. The importance of these essential constitutional rights in the plea taking process has also been recognized by our State's Supreme Court in the case of *Williams v. State*, 316 SO.2d 267 (Fla. 1975).

3. The *Boykin* decision requires that a plea of Guilty not only be intelligent and voluntary in order to be valid, but the record must also affirmatively disclose that the defendant entered his plea understandingly and voluntarily. The *Boykin* court concluded that there could not be an understanding and voluntary waiver in the absence of a record or from a silent record. See *Boykin* at page 242, 89 S. Ct. at page 1712, citing *Carnley v. Cochrane*, 369 U. S. 506, 516, 82 S. Ct. 884, 890, 8 L. Ed. 2d 70 (1962).

4. Presumably, based upon the pronouncements of the U. S. Supreme Court in *Boykin*, the Circuit Court sitting as the Appellate Division for the Pinellas County Court, was prompted to rule as follows in the case of *Baxter v. State*:

"Accordingly, whenever a plea in any traffic court is not electronically or stenographically recorded or signed on the written form provided, it may be withdrawn by request of the defendant and without any further showing of prejudice." See *Baxter v. State*, Case 80-1885, Opinion filed July 24, 1981, (Appendix A attached hereto)

In granting the Defendants' Motions, this Court finds that it is bound by the *Baxter* decision. A review of the plea taking process which occurred in the Lasley and Buchanan cases reflects that the record is silent and non-existent concerning a free, voluntary and knowing relinquishment of certain essential constitutional rights. Under these circumstances, prejudice to the Defendants is to be presumed. They are entitled to have their pleas withdrawn.

5. A Motion to Withdraw a Plea is addressed to the sound discretion of the trial court; *Brown v. State*, 428 So.2d 369 (5th DCA 1983) and *Trenary v. State*, 473 So.2d 820 (2d DCA 1985). Further, in exercising such discretion, the trial court must be liberal in permitting the defendant to withdraw a guilty plea which is based upon a failure of communication. See *Ritchie v. State*, 458 So.2d 877 (2d DCA 1984). In the present case, the lack of communication is to be presumed due to the lack of a written waiver or record from which the essential plea communication can be found.

WHEREFORE, it is

ORDERED AND ADJUDGED that the Defendants' Motions to Vacate Judgment and Sentence and For Leave to Withdraw Plea are

herewith GRANTED. The pleas of guilty entered in the above-numbered causes are herewith deemed set aside and the adjudications and sentences imposed are vacated. It is further

THE FINDING of this Court that these matters present an issue of Great Public Importance and therefore, pursuant to *Rule 9.030(4)(A),*[1] this Court does certify to the Second District Court of Appeal the following question:

WHERE A DEFENDANT HAS ENTERED A PLEA IN TRAFFIC COURT WHICH WAS NOT ELECTRONICALLY OR STENOGRAPHICALLY RECORDED OR THE SUBJECT OF A SIGNED WRITTEN WAIVER, MAY SUCH PLEA BE WITHDRAWN UPON APPROPRIATE MOTION WITHOUT ANY FURTHER SHOWING OF PREJUDICE?

DONE AND ORDERED in Chambers at St. Petersburg, Pinellas County, Florida, this 26th day of November, 1986.

---

[1] Florida Rules of Appellate Procedure

IN THE CIRCUIT COURT FOR PINELLAS COUNTY, FLORIDA

MILDRED K. BAXTER,　　　　　)
　　　　　　　　　　　　　　(
　　　　　Appellant,　　　　)
　　　　　　　　　　　　　　(
vs　　　　　　　　　　　　　)　　　Case No. 80-1885
　　　　　　　　　　　　　　(
STATE OF FLORIDA,　　　　　)
　　　　　　　　　　　　　　(
　　　　　Appellee,　　　　)
　　　　　　　　　　　　　　(
_____)

Opinion filed 24 July 1981.

Appeal from County Court
Pinellas County, Florida
Karl B. Grube, Judge

James W. Denhardt　of
Denhardt and Andringo
St. Petersburg, Florida
For Appellant

Timothy A. Miller
Assistant State Attorney
St. Petersburg, Florida
For Appellee

## ORDER AND OPINION

Oral arguments were waived as neither party requested them.

In this case appellant was prosecuted by a citation for DWI and UBA, to which she pled nolo contendere. Thereafter, she moved to withdraw her plea which was denied. Appeal is from the trial court's denial of her petition to withdraw her plea.

In this case the cardinal question is:

May a defendant withdraw her plea of nolo contendere merely because the plea was not recorded by a court reporter, or by electronic means, or in writing?

In this case on 21 February 1980 appellant entered her plea of nolo contendere to the charges of DWI and UBA in open court before the trial court. The trial court made a complete and thorough examination of appellant before accepting her plea. The examination of appellant and acceptance of her plea was not

**83**

recorded by a court reporter or by electronic means and was not in writing and signed by appellant.

Rule 6.200(c), Rules for Traffic Court, says:

> All pleas entered in open court shall be recorded by an official court reporter or electronic means.

Administrative Order 79-5, applicable to all Traffic Court proceedings in Pinellas County, rendered by Chief Judge Harry W. Fogle on 18 July 1979, permits pleas of guilty or nolo contendere upon a Defendant signing a written plea that incorporates all the various rights being waived by the plea. This form is in general use in Pinellas County Traffic Court, as there are no court reporters or electronic recording device generally available in Traffic Court.

Authentication by the trial judge of other kinds of proceedings not stenographically or electronically reported are permitted (see TRAVELER'S INSURANCE COMPANY V. AGRICULTURAL DELIVERY SERVICE, 262 So.$^{2d}$ 210 (Fla. 2DCA-1972) and was done in this case. It is apparent from the trial court's recollection of the record contained in the Supplemental Record that appellant was completely informed of her rights, there was an ample factual basis for the plea, her plea was freely and voluntarily made, and she has suffered no prejudice thereby.

However, Rule 6.200(c), quoted above, is mandatory, not suggestive, and can be reasonably enforced only if strictly interpreted. It was not required prior to 18 July 1979; this court must assume that the Supreme Court was aware of the financial and personnel burden imposed on the traffic courts of this state in implementing this Rule and of crowded dockets that make compliance very difficult. The only purpose of this Rule, apparent to this court, is that the Supreme Court wished a verbatim record to be made against which trial court's recollection of the proceedings could be checked. In this case

**84**

on appeal that purpose can not be achieved.

This court recognizes that noncompliance with this Rule is a result of an administrative decision and is not the action of the judges of Pinellas County Traffic Court. It should be noted that the administrative substitute intended to comply with this Rule was not complied with in this case and is not being questioned by this order.

Accordingly, whenever a plea in any Traffic Court is not electronically or stenographically recorded or signed on the written form provided, it may be withdrawn by request of the Defendant and without any further showing of prejudice. The Order of the Trial Court is REVERSED and this matter REMANDED to permit appellant to withdraw her plea of nolo contendere.

CIRCUIT JUDGE

Copies furnished to:
James W. Denhardt, Esq.
Timothy A. Miller, Asst. State Attorney- St. Petersburg