501 So.2d 1332 (1987)
Edmond Boris SHELL, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2245.
District Court of Appeal of Florida, Second District.
January 7, 1987.
Rehearing Denied February 5, 1987.
*1333 PER CURIAM.
Edmond Boris Shell appeals the summary denial of his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We reverse.
On September 18, 1984, Shell pleaded nolo contendere to a violation of his probation for a burglary conviction and was sentenced to two years in prison. Shell now contends that: (a) his plea was involuntary because it was coerced by his defense counsel; (b) his counsel was ineffective for failing to advise him properly about the sentencing guidelines; (c) his sentence was an improper departure from the guidelines; and (d) that the court lacked jurisdiction because Shell had not signed his probation agreement. Later, Shell dropped allegations (b) and (c).
Only after the circuit court had to issue a show cause order did the state attorney respond to Shell's motion to vacate. The state attorney contended that Shell could not attack his conviction for probation violation because he was no longer in custody. Calculations by the Department of Corrections showed Shell had completed his sentence on September 5, 1985, a date long before Shell filed his rule 3.850 motion on March 15, 1986. The trial judge accepted the state's argument and denied Shell's motion for post-conviction relief without a hearing.
In his motion for rehearing, Shell alleged he was still in custody for purposes of a rule 3.850 attack on the probation violation because it was used to enhance a conviction he received on May 13, 1985, for which he is presently incarcerated. (See companion case, Shell v. State, 501 So.2d 1334, No. 86-2750, decided 1986). Shell argued that his present sentence was enhanced because points were assessed against him for his probation violation. The trial court denied Shell's motion for rehearing.
A prisoner is in custody for purposes of rule 3.850 if the conviction attacked was used to enhance a current sentence. Weir v. State, 319 So.2d 80, 81 (Fla. 2d DCA 1975). If it is true that Shell's probation violation was scored and raised his present sentence, then he has standing to attack it under rule 3.850 even though he may have already served his sentence for the probation violation. Simmons v. State, 485 So.2d 475, 476 (Fla. 2d DCA 1986).
Turning to the merits of the motion, Shell asserted that his defense counsel coerced his nolo contendere plea by telling Shell if he did not go along with the plea he would get a five-year sentence and the attorney would withdraw from Shell's case. If these allegations of coercion are true, then Shell's plea may have been involuntary. Simmons; Haynes v. State, 451 So.2d 1043 (Fla. 1st DCA 1984).
The trial court may have considered Shell's motion for post-conviction relief to be sufficient on its face, but did not attach any record to his denial order to refute Shell's claim as required by rule 3.850. Although the judge is to be commended for persisting in his efforts to follow rule 3.850 by requiring the state to respond to Shell's claim, the state's answer did not refute Shell's claim.
In the past, district courts have often remanded cases like this for a hearing. See Owens v. State, 463 So.2d 408, 409 (Fla. 3d DCA 1985); Jones v. State, 384 So.2d 736, 738 (Fla. 4th DCA 1980). But we perceive rule 3.850, as amended in 1984, to be more flexible than this. Price v. State, 487 So.2d 34, 35 (Fla. 1st DCA 1986). Where the rule 3.850 motion has established prima facie grounds for relief, and the defendant's claims are not refuted by records or files attached to the trial court's order of denial, as in this case, "the court shall order the state attorney to file an answer or other pleading... . The answer shall respond to the allegations of the motion." Fla.R.Crim.P. 3.850; see also Toler v. State, 493 So.2d 489, 490 (Fla. 1st DCA 1986). Although the trial court finally succeeded in forcing the state attorney to file an answer to Shell's motion it did not respond to his allegations.
At this point Shell's claim has not been refuted, therefore, this case must be remanded for the trial court either to attach *1334 files or records that clearly defeat Shell's allegations, or order the state attorney to file an answer, if he can, that truly responds to Shell's motion. Fla.R.Crim.P. 3.850. If the state's answer does not refute Shell's claim, then the trial court must hold a hearing to give Shell an opportunity to present evidence in support of his claims. Thomas v. State, 206 So.2d 475 (Fla. 2d DCA 1968). If the trial court should again deny Shell's motion, he has thirty days in which to appeal.
Reversed and remanded with instructions.
RYDER, A.C.J., and LEHAN and SANDERLIN, JJ., concur.