501 So.2d 1334 (1987)
Edmond Boris SHELL, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2750.
District Court of Appeal of Florida, Second District.
January 7, 1987.
*1335 PER CURIAM.
Edmond Boris Shell appeals the summary denial of his motion to withdraw his plea which this court has construed as a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We reverse.
At a combined plea and sentencing hearing held on May 23, 1985, Shell entered a negotiated nolo contendere plea to burglary and battery. The trial court sentenced Shell to five years imprisonment on the burglary and time served on the battery. The burglary sentence was to run concurrently with a five-year sentence for aggravated assault with the use of a firearm, a sentence which Shell had just received at the same hearing as a result of a previous jury trial.
To attack the burglary conviction, Shell alleges that his defense counsel promised that he would be eligible for parole in three years (although this is a guidelines case), and that he entered his plea on this basis. Shell also alleges that the court made statements which misled Shell to believe parole would be available in three years and that the court erroneously accepted Shell's plea without conducting a complete plea colloquy. Shell contends that he relied on his defense counsel's mistaken promise about parole and the court's misstatements about parole being available to him in three years, and thus his plea was involuntary.
Instead of ordering the state to respond to Shell's allegations as is required by rule 3.850, the trial court simply denied Shell's motion without a hearing and attached a transcript of Shell's combined plea and sentencing hearing held on May 23, 1985. The transcript, however, does not clearly refute Shell's allegation that his plea was involuntary. Fla.R.Crim.P. 3.850.
Although the sentencing judge did not mention parole in connection with the presently challenged burglary sentence, both he and Shell's attorney discussed it in connection with Shell's sentence for the aggravated assault conviction shortly before Shell was sentenced for the burglary charge. And the judge stated that Shell would have to serve a minimum mandatory sentence of three years before being eligible for parole because of the use of a firearm.
Shell's attorney presented Shell's burglary plea with the understanding that Shell was to be sentenced under the same conditions as the aggravated assault sentence, i.e., five years concurrent with eligibility for parole in three years. Apparently Shell's counsel thought Shell would be eligible for parole in three years and may have advised his client accordingly. It is clear, however, that parole was not available to Shell. § 921.001(8), Fla. Stat. (1983).
During the taking of the plea to burglary, the trial court asked Shell whether he had freely and voluntarily signed an acknowledgment and waiver of rights form as to the burglary charge. Shell responded affirmatively but the form is not in the record. Both the prosecutor and defense counsel referred to a plea agreement which had apparently been discussed with the judge but unfortunately it was not set out in the record as required by Young v. State, 453 So.2d 1388, 1391 (Fla. 1st DCA 1984).
The record also does not indicate whether Shell was sworn, or whether Shell was told of and understood his rights as required by rule 3.172 of the Florida Rules of Criminal Procedure, or that he understood the complete terms of his plea agreement and his resulting obligations thereunder. A complete plea colloquy might have enabled the trial court to discover Shell's alleged misunderstanding about the availability of parole, or at least allow the court to correct its misstatements about the availability of parole.
Shell also alleged that he was under the influence of mood altering drugs at sentencing, but this allegation is without merit. The transcript of the plea/sentencing hearing reveals Shell as an articulate person who freely engaged in dialog with the court concerning his sentence for aggravated *1336 assault. Thus the record refutes his claim about being influenced by drugs.
A defendant's guilty or nolo contendere plea is involuntary if it is induced by a defense counsel's promise that is not kept, Lonergan v. State, 495 So.2d 196 (Fla. 1986); or which cannot be kept because it is contrary to law. Forbert v. State, 437 So.2d 1079, 1081 (Fla. 1983). A defendant cannot withdraw his plea merely because his sentence was not what he expected; but where he is misled and induced to plead by his counsel's mistaken advice, then he may be allowed to withdraw his plea. Ray v. State, 480 So.2d 228, 229 (Fla. 2d DCA 1985); Walker v. State, 432 So.2d 727, 728 (Fla. 3d DCA 1983). The test is whether the defendant has established "that he was prejudiced by an honest misunderstanding which contaminated the voluntariness of his [plea]." Ramsey v. State, 408 So.2d 675, 676 (Fla. 4th DCA 1982).
Shell may have pleaded nolo contendere because he was led to believe by his defense counsel, albeit mistakenly, that he would be eligible for parole in three years. But parole was no longer available at the time Shell was sentenced. § 921.001(8), Fla. Stat. (1983). The trial court's failure to conduct a complete plea colloquy and its improper reference to the possibility of parole further clouded the issue. We are unable to discern from the record before us whether Shell's plea was voluntary.
In keeping with our decision in Shell v. State, 501 So.2d 1332, this case must be remanded for further proceedings consonant with rule 3.850. The trial court must order the state attorney to file an answer responsive to Shell's allegation. If the answer does not refute Shell's motion, then the trial court must grant Shell an evidentiary hearing. If the trial court should again deny Shell's motion, then he has thirty days in which to appeal. If the trial court decides Shell's plea was not voluntary, then the court must allow Shell to withdraw his plea and plead anew.
Reversed and remanded with instructions.
RYDER, A.C.J., and LEHAN and SANDERLIN, JJ., concur.