693 So.2d 652 (1997)
Joseph BOISVERT, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2389.
District Court of Appeal of Florida, Fifth District.
May 2, 1997.
*653 Harley Ives Gutin, of Kokozka & Gutin, Cocoa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Childs, Assistant Attorney General, Daytona Beach, for Appellee.
HARRIS, Judge.
Joseph Boisvert appeals from the denial, after an evidentiary hearing, of his motion for post-conviction relief. Because we agree with the trial court's analysis and result, we affirm.
Boisvert must admit that he agreed with the trial judge to a sentence of 60 years if he failed to appear at the scheduled sentencing, and although he did not appear, he asserts that his assent was not a Quarterman agreement. See Quarterman v. State, 527 So.2d 1380 (Fla.1988). He acknowledges that if the agreement is considered a Quarterman agreement, then his failure to appeal his sentence bars consideration of the departure sentence on a motion for post-conviction relief. Therefore he urges as an alternative argument that his trial counsel was ineffective by encouraging him to accept the plea.
He alleged in his affidavit seeking a hearing on this point that his attorney advised him, after the trial court had specifically told him he would be sentenced to 60 years if he failed to appear at sentencing, that the judge "probably" would not sentence him to that many years. Implied in this statement (even if its truth had been established) is that the judge "might" or "could" or "would possibly" sentence him to the full 60 years if Boisvert failed to appear at sentencing. Even assuming that this statement would warrant Boisvert's reliance, however, the fact is that although the affidavit was sufficient to obtain a hearing on the issue, at the actual hearing on the motion for post-conviction relief the defense failed to put on any testimony that the trial attorney actually made such a statement. The affidavit was not evidence either offered or received at the hearing on the post-conviction motion. The fact that the State did not call the trial attorney to rebut the affidavit at the hearing is irrelevant. Boisvert, although having the opportunity to testify as to what the attorney told him and be subjected to cross examination, gave no such testimony. He cannot be heard on it here. A similar issue was before the court in Thomas v. State, 206 So.2d 475, 476 (Fla. 2d DCA 1968), in which the court stated:
While it might be true that each and every ground for relief included in the motion is not shown by the transcript of the hearing to have been presented or argued, the transcript does conclusively show that the trial court gave the appellant and his attorney every opportunity to present all of the grounds contained in the motion.
* * * * * *
At no time did the appellant or his attorney endeavor, even after being asked by the court, to present any evidence on the grounds contained in the motion upon which they now claim they were denied the *654 right to be heard. The movant under a Criminal Procedure Rule 1.850 hearing has the burden of initially coming forward with some evidence to support his alleged grounds for relief. If he fails to present any evidence in support of the allegations in his motion, there is no burden upon the state to produce any evidence to refute such allegations. The primary purpose of granting a hearing under Criminal Procedure Rule 1.850 [now 3.850] is to give the movant an opportunity to present evidence in support of his allegations.
Boisvert also claims that the court erred in not requiring the State to respond to his post-conviction motion pursuant to Rule 3. 850(d), Florida Rules of Criminal Procedure. He contends that because of the State's failure to respond, he was unaware of what the issues would be at the hearing. But the trial court has the option under the rule to either "order the state attorney to file an answer" or "take such other action as the judge deems appropriate." The action the court deemed appropriate in this case was to set the defendant's motion down for hearing. The defendant then had the burden of presenting such evidence as he believed necessary to establish his position. He failed to do so. Rule 3.850 is not a discovery rule.
AFFIRMED.
GOSHORN, J., and JACOBUS, B., Associate Judge, concur.