PER CURIAM.
Appellant, Brenda Goodman, appeals the trial court’s denial of the 3.850 motion to vacate her judgment and sentence. Appellant’s motion to vacate alleged that she did not understand the consequences of her guilty plea because she had not been properly medicated when she entered the plea. The trial court, without an evidentiary hearing, denied the appellant’s motion to vacate as legally insufficient.
The resolution of motions presented to trial courts under rule 3.850 falls into three categories,
(1) the allegations in the motion are insufficient as a matter of law to support the relief prayed for, in which case the trial court should summarily deny the motion; (2) the allegations in the motion are sufficient on their face, but the record in the case indicates that the allegations are unfounded or that the defendant is entitled to no relief, in which case the trial' court must attach the relevant portion of the record to the order denying relief; or (3) the allegations in the motion are sufficient on their face and the record in this case does not conclusively show that the defendant is entitled to no relief, in which case the trial court must hold an evidentiary hearing, after which the court may rule on the motion.
Owens v. State, 463 So.2d 408, 409 (Fla. 3d DCA 1985).
In the present case, the trial court summarily denied the appellant’s 3.850 motion as legally insufficient. “When a trial court summarily denies a motion for post-conviction relief without holding an evidentiary hearing or attaching portions of the record to refute the allegations, review is limited to determining whether, accepting the allegations as true, the motion shows the defendant is not entitled to relief.” Edwards v. State, 652 So.2d 1276, 1277 (Fla. 5th DCA 1995).
The appellant’s motion to vacate alleges she did not understand the consequences of her plea because she was denied access to her psychotropic medication. If these allegations are proven, i.e., the appellant did not knowingly enter the plea, the appellant may be entitled to relief. See Koenig v. State, 597 So.2d 256, 258 (Fla.1992). Therefore, the appellant has alleged a legally sufficient basis for relief.
*695 As such, we reverse and remand to the trial court to either attach the appropriate portions of the record to the order denying relief or to hold an evidentiary hearing.
REVERSED AND REMANDED.
GUNTHER, GROSS and HAZOURI, JJ., concur.