CANADY, Judge.
Joe Cornett appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Cornett claims that his counsel’s advice concerning the availability of gain time was erroneous and that he is therefore entitled to relief from the guilty plea he entered in reliance on the erroneous advice. Because we conclude that Cornett was prejudiced by counsel’s deficient performance, we reverse and remand for the *710 trial court to allow Cornett an opportunity to withdraw his plea.

Background

In 1999, Cornett entered into a negotiated plea agreement with the State on several racketeering, organized fraud, and grand theft charges. He was sentenced to eight years in prison on the first three counts and forty-four months in prison on the remaining counts. All sentences were ordered to run concurrently. Cornett’s convictions were affirmed on appeal in 2002. In 2003, Cornett filed his rule 3.850 motion. Cornett alleged that he entered his plea in reliance on trial counsel’s advice that he would be eligible to receive twenty days of gain time per month on the first three counts based on the applicable gain time statute and therefore he would be eligible to serve only sixty-five percent of his sentences on those counts. However, Cornett realized upon reading Young v. Moore, 820 So.2d 901 (Fla.2002), that the 1997 gain time statute applies to his sentences and that the statute requires him to serve a minimum of eighty-five percent of the time imposed on his sentences. Cor-nett requested that he be allowed to withdraw his plea.
The trial court held a hearing on this claim. The trial court heard testimony from Cornett, defense counsel, and the statewide prosecutor who prosecuted the offenses in 1999. The trial court found that counsel structured Cornett’s eight-year sentences on the belief that Cornett would serve sixty-five percent of the time imposed on those sentences. The trial court acknowledged that counsel’s understanding was erroneous but went on to conclude that counsel’s “conduct and performance met the standard of performance.”

Analysis

“[I]f a defendant enters a plea in reasonable reliance on his attorney’s advice, which in turn was based on the attorney’s honest mistake or misunderstanding, the defendant should be allowed to withdraw his plea.” Trenary v. State, 453 So.2d 1132, 1133-34 (Fla. 2d DCA 1984); see also State v. Leroux, 689 So.2d 235, 237 (Fla.1996) (citing Trenary and recognizing that “a defendant may be entitled to withdraw a plea entered in reliance upon his attorney’s mistaken advice about sentencing”); Shell v. State, 501 So.2d 1334, 1336 (Fla. 2d DCA 1987) (holding that “where [a defendant] is misled and induced to plead by his counsel’s mistaken advice, then he may be allowed to withdraw his plea”).
Cornett will serve at least eighty-five percent, rather than sixty-five percent, of his eight-year sentences. See Young, 820 So.2d 901. In Young, the defendant engaged in a criminal fraud scheme between January 1991 and July 1996. Id. The offense was a true continuing offense. Id. at 903. The defendant was sentenced pursuant to the 1991 sentencing guidelines based on section 921.001(4)(b)(3), Florida Statutes (1997), which provided that “ ‘[flelonies ... with continuing dates of enterprise shall be sentenced under the sentencing guidelines in effect on the beginning date of the criminal activity.’ ” Id. at 902 n. 1. However, his gain time was calculated according to the 1997 gain time statute, which applied to “sentences imposed for offenses committed on or after October 1, 1995.” Id. The court concluded that the date the defendant committed the last acts “in furtherance of the scheme to defraud ... should be considered the date the offense was finally consummated or committed.” Id. at 903 n. 4. Therefore, the court held that the application of the 1997 gain time statute was proper because the true continuing offense was “committed” in 1996 and that different versions of the sentencing guidelines and gain time statutes can apply to a defendant’s sentence. Id. at 902, 904.
*711 Similarly, the 1997 gain time statute applies to Cornett’s sentences on the first three counts because they were continuing offenses with the last acts committed in 1997. Therefore, they were “committed on or after October 1, 1995.” § 944.276(4)(b)(3), Fla. Stat. (1997); Young, 820 So.2d at 902-03. Even though counsel’s advice to Cornett was based on counsel’s honest misunderstanding of the gain time statutes, Cornett is entitled to withdraw his plea because he entered it in reliance on counsel’s misadvice. The evidence at the hearing did not refute, and in fact supported, Cornett’s claim that his counsel advised him that he would serve his sentences under the sixty-five percent rule. In addition, testimony that counsel or the statewide prosecutor advised Cor-nett that his award of gain time would be up to the Department of Corrections does not refute Cornett’s claim that he was misadvised as to the gain time statute that would apply to him.

Conclusion

Accordingly, we reverse the trial court’s order. On remand, the trial court shall give Cornett the opportunity to withdraw his plea on the first three counts of the judgment. If Cornett “decides to withdraw his plea and not be bound by the plea agreement, the State, too, will not be bound by the plea agreement.” Goins v. State, 889 So.2d 918, 919 (Fla. 2d DCA 2004). If Cornett “withdraws his plea, either side may pursue new plea negotiations or refuse them and proceed to trial.” Id.
Reversed and remanded.
NORTHCUTT and SALCINES, JJ., Concur.