GRIFFIN, J.
Appellant, Antonio Vazquez, Jr. [“Vazquez”], appeals the trial court’s denial of his Rule 3.850 motion. We affirm as to all claims.
In 2004, Vazquez was charged in a three-count information with aggravated battery with a deadly weapon, aggravated assault with a deadly weapon, and battery. These charges arose out of a domestic dispute during which Vazquez is alleged to have thrown a coffee table and computer monitor at the mother of his child and tried to push her through a second story window.
Vazquez was initially represented by Attorney R. Lee Dorough [“Dorough”], who was the attorney of record when he entered a no contest plea on January 19, 2005. Vazquez alleges that he entered his plea after Dorough told him “he could either take three years in prison or proceed to trial, where he would be convicted and receive a sentence of 15 years.” The plea agreement was explained to the court by Dorough at the plea hearing:
The State will nol pros counts II and III. That is an assault, aggravated assault with a deadly weapon, and simple battery. The plea is being made to the bench. It will be a pre-sentence investigation and a proper determination of guidelines with the defendant reserving the right to argue for a downward departure based on no prior felony conviction by Mr. Vazquez.
The court accepted this plea, ordered a pre-sentence investigation report and set the case for sentencing for April 19, 2005.
Prior to sentencing, Vazquez fired Do-rough and hired attorney Robert Minarcin [“Minarcin”], who, according to Vazquez, discussed with him the possibility of withdrawing his plea, but was of the view that the State would then withdraw the offer, and Vazquez would receive a fifteen-year sentence. At the sentencing hearing, Mi-narcin requested a downward departure sentence, arguing that Vazquez had shown remorse, had committed the crime in an unsophisticated manner and (inaccurately) that this was his first offense. He did not mention that there was any agreement with the State for a sentencing cap.
The judge concluded that there were no grounds for a downward departure and sentenced Vazquez to serve 62.93 months in the Department of Corrections. No objection was made that this sentence exceeded any agreed sentencing cap. Ten days after the sentencing, Vazquez sent a letter to Minarcin, requesting that he file a motion to withdraw his plea, which apparently was not done.
On February 17, 2006, yet a third attorney for Vazquez filed a Rule 3.850 motion for post-conviction relief, alleging three grounds for relief. Included in the motion was the allegation that Vazquez had entered an “open plea” to the court and that the plea agreement contained no negotiated cap on the sentence he faced. Nevertheless, Vazquez later filed an amended motion for post-conviction relief to add the claim that Minarcin was ineffective for fail *1265 ing to file a motion to withdraw his plea because of the State’s failure to comply with an agreed-upon sentencing cap of thirty-six to thirty-nine months.[1]
A letter that Dorough wrote to the Florida Bar in response to a bar complaint against Dorough by Vazquez was attached to the amended motion. According to that letter, before Vazquez entered his plea, Dorough and the State Attorney met with the trial judge in his chambers. It was agreed that, if Vazquez entered a plea, the State would nolle pros counts II and III. Vazquez’ sentence “would be approximately three years” and that the defense would be allowed to argue for a downward departure at sentencing based on the Defendant’s lack of prior record. Dorough indicated that he went back to the courtroom and advised Vazquez of the possible outcomes. “Mr. Vazquez was fully informed that I expected the sentence to be 36-39 months, which we had discussed in Chambers with the judge.” Do-rough averred that he was “frankly shocked” by Vazquez’ sentence. Dorough states that he reviewed Vazquez’ score-sheet with Minarcin and told Minarcin that if he were to file a motion to correct the sentence, “I will be glad to testify that my understanding was 36-39 months and that is what I had advised Mr. Vazquez and that perhaps he could withdraw his plea and go to trial if he wished.” He stated that it became “blatantly apparent” to him that there had been a “misunderstanding” in Judge Kaney’s chambers regarding the offer and what was related to Vazquez. On the other hand, Dorough explained that the thirty-six month sentence was based on a sentencing score of 74.6, whereas, at sentencing, the score-sheet ended up totaling 111 points.
The trial court denied the claim that Minarcin was ineffective for failure to file a motion to withdraw plea, noting that the record did not demonstrate that there was ever an agreement for thirty-six to thirty-nine month sentence and, since Vazquez stated that no one made any promises to him about his sentence, other than what was placed in the plea form, there was no basis to conclude that a thirty-six to thirty-nine month cap was ever agreed upon or relied upon by Vazquez. As the trial court observed, the State’s written plea offer contains no agreement for a specific sentence. Rather, the word “guideline” is handwritten on the plea form, along with “departure,” indicating a guidelines sentence with the agreement to argue for a downward departure.
Vazquez argues that an officer of the court has substantiated that a plea bargain was reached in chambers in which the State agreed to dismiss several counts of the information in exchange for cap of thirty-six to thirty-nine months. The law is well settled that if a defendant relies on his attorney’s mistaken advice in deciding to enter a plea, the defendant should be allowed to withdraw his plea. Trenary v. State, 453 So.2d 1132, 1133 (Fla. 2d DCA 1984). See also State v. Leroux, 689 So.2d 235 (Fla.1996). Based on this record, it appears, as the court found, that there was no agreement for a thirty-six to thirty-nine month sentence; rather, there was an agreement for a guidelines sentence that Dorough expected to be thirty-six to thirty-nine months because of what he thought the score would be. Moreover, the record is clear that Vazquez did not rely on mis-adviee of counsel that there was a thirty- *1266 six to thirty-nine month cap agreement m deciding to enter into the plea agreement.
AFFIRMED.
ORFINGER and EVANDER, JJ., concur.

. He claimed in his motion for leave to amend that he was previously unaware of this new ground.