408 So.2d 675 (1981)
William Maurice RAMSEY, Appellant,
v.
STATE of Florida, Appellee.
No. 80-2055.
District Court of Appeal of Florida, Fourth District.
December 30, 1981.
Rehearing Denied February 9, 1982.
J. David Bogenschutz of Varon & Stahl, P.A., Hollywood, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Ondina Felipe, Asst. Atty. Gen., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
This is an appeal from an order denying a motion to vacate judgment and sentence filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand.
Appellant was charged with aggravated assault and possession of a short-barreled shotgun. He first pled not guilty, but then changed his plea on April 7, 1980 when his counsel informed the trial court that pursuant to negotiations with the prosecution appellant would plead no contest to the charge of aggravated assault and would be sentenced to imprisonment for three years. A nolle prosequi was to be entered on the other charge.
At the hearing on the change of plea appellant waived a pre-sentence investigation and the trial court sentenced him to imprisonment for three years. The trial judge recited on three separate occasions that appellant was being sentenced to a mandatory minimum of three years' imprisonment. The following took place on one of the occasions:
THE COURT: Have any promises been made to you other than the State will nolle prosequi Count II and that you will sentenced [sic] on your plea to be adjudicated guilty of aggravated assault and sentenced to three year's prison and that is a mandatory minimum sentence which means you have to serve the three calendar years before you are eligible for parole? Do you understand that?
MR. RAMSEY: Yes.
Notwithstanding the foregoing, within seven weeks of the sentencing appellant informed the trial court by letter that he learned upon imprisonment that he would not be eligible for parole, work release or gain time for three years although he had been told by his attorney that in return for a plea of no contest he would receive a "regular" sentence of three years. He ultimately obtained private counsel who filed the motion now being considered. In support of the motion, appellant filed affidavits signed by his trial counsel and himself.
*676 Trial counsel swore that he had erroneously advised appellant that the sentence being imposed would not require appellant to spend three years in prison before being paroled or being eligible for "good time" consideration and that because of this erroneous advice appellant believed he would not spend three years in prison before being eligible for parole.
Appellant's affidavit recited that his attorney advised him that the mandatory minimum provisions of his sentence did not require him to serve three years before being eligible for parole and that had he known at the change of plea what he had since learned he would not have changed his plea.
The test to be applied in such circumstances is recited in Thompson v. State, 351 So.2d 701 (Fla. 1977), cert. denied 435 U.S. 998, 98 S.Ct. 1653, 56 L.Ed.2d 88 (1978) wherein the Florida Supreme Court held: "The defendant has established to our satisfaction that he was prejudiced by an honest misunderstanding which contaminated the voluntariness of the pleas." See also Costello v. State, 260 So.2d 198 (Fla. 1972); Richmond v. State, 375 So.2d 1132 (Fla. 2d DCA 1979). Whether appellant can meet this test is best determined by the trial court after consideration of testimony from appellant and his trial attorney rather than by this court on the basis of affidavits only. Accordingly, we reverse the judgment and remand the cause to the trial court for an evidentiary hearing on the matters raised by appellant's motion.
REVERSED AND REMANDED.
ANSTEAD, J., concurs specially with opinion.
HURLEY, J., dissents without opinion.
ANSTEAD, Judge, concurring specially:
I concur in the reversal and remand of this case because of the presence in the record of uncontradicted affidavits by the appellant and his attorney which relate in essence that appellant was advised in advance that he would not actually have to serve the full mandatory minimum sentence of three years without consideration for parole imposed by the trial court. See Costello v. State, 260 So.2d 198 (Fla. 1972) and Brown v. State, 245 So.2d 41 (Fla. 1971). In essence this is like telling the client to ignore what the court says, just listen to me and do as I say. In my view this constitutes substantial neglect on the part of the attorney. Meeks v. State, 382 So.2d 673 (Fla. 1980); Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). In Costello, the Supreme Court warned counsel against such conduct in no uncertain terms:
And, finally, we remind the defense bar of the tremendous burden placed upon it; defense attorneys must be careful when advising their clients to plead guilty. The problems confronting such lawyers were discussed recently by the Supreme Court of Minnesota, which said:
"In a criminal case, one decision which must ultimately belong to a client, is what plea to enter. A.B.A. Project on Standards for Criminal Justice, Standards Relating to the Defense Function (Tentative Draft 1970) § 5.2(a). In making this decision the accused should have the carefully informed advice of his lawyer. The advice rendered to the client in the pleamaking decision must reflect a professionally considered assessment of the client's predicament. However, in advising his client under such circumstances, the lawyer must be careful not to misstate or misrepresent the facts in a manner which could unfairly persuade one to enter a plea of guilty. The general rule governing a lawyer's conduct as it relates to the accused's decision with respect to his plea is set forth in A.B.A. Project on Standards for Criminal Justice, Standards Relating to the Defense Function (Tentative Draft 1970) § 5.1(b), as follows:
"`It is unprofessional conduct for a lawyer intentionally to understate or overstate the risks, hazards or prospects of the case to exert undue influence on the accused's decision as to his *677 plea.'" (Olness v. State, 1971, 290 Minn. 198, 186 N.W.2d 706, 709.)
At 202.