523 So.2d 737 (1988)
Joseph Christe WEIDMANN, Appellant,
v.
STATE of Florida, Appellee.
No. 88-609.
District Court of Appeal of Florida, Second District.
April 13, 1988.
SCHEB, Acting Chief Judge.
Joseph Weidmann appeals the summary denial of his postconviction relief motion filed pursuant to Florida Rule of Criminal Procedure 3.850. He raises several grounds, only one of which has merit.
Weidmann entered pleas of no contest and was sentenced under the guidelines on two counts of sexual battery. He contends that his pleas were not knowingly and voluntarily made because his court appointed counsel erroneously advised him that if Weidmann entered pleas to the charges, he would be eligible for an "almost immediate" parole. In fact, since Weidmann received a guidelines sentence, he was not eligible for parole. § 921.001(10), Fla. Stat. (1983).
The record furnished us does not refute Weidmann's contention on this point. To the contrary, it contains a recent letter from the court appointed attorney that tends to support Weidmann's allegation.
While a defendant may not withdraw his voluntary plea solely because the sentence is not what his attorney led him to expect, he is entitled to rely on counsel's representations. If he is misled by counsel about the consequences of a plea, he should be permitted to withdraw that plea. See Ray v. State, 480 So.2d 228 (Fla. 2d DCA 1985); Lepper v. State, 451 So.2d 1020 (Fla. 1st DCA 1984); Trenary v. State, 453 So.2d 1132 (Fla. 2d DCA 1984), rev. denied 486 So.2d 598 (1986).
Accordingly, we remand this case to the trial court for an evidentiary hearing to determine if Weidmann's pleas were induced by his counsel's representations regarding parole. If the trial court decides in Weidmann's favor, it should afford him the opportunity to withdraw his pleas. Any party aggrieved by the subsequent action of the trial court must file a timely notice of appeal to obtain further appellate review.
CAMPBELL and HALL, JJ., concur.