PER CURIAM.
This is an appeal from the summary denial of appellant’s motion for postconviction relief that alleged four grounds, all of which involve the voluntariness of appellant's guilty plea to the charge of escape. Essentially, appellant claims that his plea was rendered involuntary when his sentence was enhanced to four years’ imprisonment pursuant to the habitual offender statute, section 775.084, Florida Statutes (1987), because it was his agreement that his sentence would be no more than two and one-half years and his counsel did not advise him that the plea agreement had been changed.
The record attachments to the trial court’s summary denial of appellant’s motion do not conclusively refute his allegations. Rather, the attached court minutes of appellant’s sentencing hearing reveal that appellant objected to the trial court’s finding that habitual offender status was appropriate. There is no indication that appellant was given an opportunity to withdraw his guilty plea upon learning that the trial court intended to impose an enhanced sentence.
In Weidmann v. State, 523 So.2d 737 (Fla. 2d DCA 1988), this court reversed the summary denial of a motion for postconviction relief and remanded for an evidentiary hearing to determine if Weidmann’s pleas were induced by his counsel’s representations regarding parole, stating:
While a defendant may not withdraw his voluntary plea solely because the sentence is not what his attorney led him to expect, he is entitled to rely on counsel’s representations. If he is misled by counsel about the consequences of a plea, he should be permitted to withdraw that plea. [Citations omitted.]

Id.

Here, appellant alleges that counsel led him to believe that by pleading guilty to the charge, he would receive a two and one-half year term of imprisonment, but failed to advise him that he could or would be sentenced as a habitual offender. If this allegation is true, then appellant might be entitled to relief.
Because we cannot ascertain from the trial court’s attachment of the court minutes whether appellant understood the consequences of his plea, we reverse the summary denial of his motion for postconviction relief. On remand, unless the case files and records conclusively show that appellant is not entitled to relief, the trial court shall order the state to file an answer. After receipt of the answer, the trial court shall determine whether an evidentia-ry hearing is required. If the trial , court should summarily deny the motion again, it shall attach such portions of the record *805 which conclusively refute appellant’s allegations. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain appellate review.
Reversed and remanded with directions.
RYDER, A.C.J., and PARKER and PATTERSON, JJ., concur.