DIAMANTIS, Judge.
Appellant, Connie Ray Isreal, appeals from a guidelines departure sentence. We hold that the trial court erred in departing from the guidelines without issuing written reasons for the departure.
Appellant was convicted on two counts of uttering forged instruments in violation of section 831.02, Florida Statutes (1987). His recommended sentencing guideline range was any non-state prison sanction. On the first count, the trial court departed from the guideline range without giving written reasons, and sentenced appellant to a term of twenty-two months imprisonment.[1] On the second count, the trial court imposed a consecutive term of five years probation.
The state argues that this appeal should be dismissed as moot because appellant has already served the incarcerative portion of his sentence. This argument has been specifically addressed and rejected by this court. Fullwood v. State, 558 So.2d 168 (Fla. 5th DCA 1990); Crews v. State, 502 So.2d 1360 (Fla. 5th DCA 1987). It should be shown on appellant’s record that the sentence was erroneous. Id.
The trial court erred in imposing a departure sentence on count one without issuing written reasons. Ree v. State, 565 So.2d 1329 (Fla.1990). On remand, the trial court must resentence appellant on count one within the guidelines. Pope v. State, 561 So.2d 554 (Fla.1990). However, because the trial court sentenced appellant on count two within the guideline range, this sentence is affirmed.
The departure sentence on count one is reversed with instructions that appellant be resentenced on count one within the recommended guideline range. The sentence on count two is affirmed. The cause is remanded for resentencing on count one.
AFFIRMED in part, REVERSED in part, and REMANDED.
PETERSON and GRIFFIN, JJ., concur.

. Because defendant committed the offenses in June of 1987, section 921.001(5) of the Florida Statutes (1989) does not apply.