COWART, Judge.
The defendant, who was already on probation in another jurisdiction, pleaded nolo contendere to a criminal charge in Brevard County, Florida, pursuant to a plea agreement to the effect that if the recommended guidelines sentence permitted probation, the defendant would receive probation which would run concurrent with his prior probation. When the trial court placed the defendant on five years probation, the trial court included a condition that the defendant was to spend 180 days in jail as a condition of probation. The defendant immediately objected that he understood he was to receive probation but that he had no idea he would be sentenced to serve 6 months in jail. Defense counsel made a motion to withdraw the plea. The motion was denied. The record affirmatively shows that six months confinement in county jail as a condition of probation was not part of the original plea agreement. Six months confinement in a county jail is substantial. The defendant should have been permitted to withdraw his plea.
If the trial court was unwilling to follow the plea agreement and impose probation without confinement as a condition, the defendant should have been permitted to have withdrawn his plea. See Evans v. State, 567 So.2d 553 (Fla. 5th DCA 1990). The State on appeal asserts in its brief that this issue has become moot because the defendant has effectively served the jail term and has been released from confinement.
We decline to consider the matter moot. Although this condition of probation may have been satisfied by service, the defendant is still entitled to an opinion vindicating his position that he was entitled to withdraw his plea because confinement as a condition of probation was not part of his plea agreement.[1]
The order imposing costs is affirmed on the authority of State v. Beasley, 580 So.2d 139 (Fla.1991).
SENTENCE VACATED.
DAUKSCH and COBB, JJ., concur.

. See Isreal v. State, 573 So.2d 975 (Fla. 5th DCA 1991); Negron v. State, 519 So.2d 67 (Fla. 5th DCA 1988).