STONE, Judge.
Appellant entered a plea of guilty to aggravated battery with a firearm and was sentenced to five years in prison with a three year mandatory minimum. At that time the state dropped other pending charges. The court twice advised appellant that he would receive a five year sentence including a three year mandatory minimum provision. The appellant also acknowledged that no promises were made to him as an inducement for the plea. Subsequent to the sentencing the appellant filed a motion to withdraw his plea, alleging that his attorney misinformed him of the possibility of receiving statutory gain time credit on the mandatory minimum portion of the sentence. The court denied the motion. We affirm.
The trial court conducted an evidentiary hearing and accepted as evidence an affidavit by the defendant’s counsel confirming that he had told the defendant that he thought the defendant would receive gain time credit on the mandatory minimum portion of the sentence. The affidavit also described the various factors defendant and his counsel discussed and considered, including concern about defendant’s being sentenced as a habitual offender, which resulted in the initial determination that the plea was in the defendant’s best interest.
This court and others have recognized that a defendant should not be denied an opportunity to withdraw a plea induced by defense counsel’s misleading representations as to the consequences of the plea. See, e.g., Ramsey v. State, 408 So.2d 675 (Fla. 4th DCA 1981), rev. denied, 415 So.2d 1361 (Fla.1982); Tarpley v. State, 566 So.2d 914 (Fla. 2d DCA 1990); Weidmann v. State, 523 So.2d 737 (Fla. 2d DCA 1988); Shell v. State, 501 So.2d 1334 (Fla. 2d DCA 1987); Ray v. State, 480 So.2d 228 (Fla. 2d DCA 1985). We note that in each instance the appellate court was reviewing a summary disposition by the trial court.
In our judgment neither Ramsey nor the other cases appellant relied on deprive a trial court of the discretion to resolve issues of fact as to ineffectiveness of counsel, prejudice, voluntariness, and whether the plea was induced by any misinformation. As in any evidentiary decision, there are other factors the trial court considers as well, including the particular wording of counsel’s statements and the context in which they are made. In the *728 final analysis, the trial court also considers the sufficiency of the evidence and credibility of the witnesses, including the credibility of counsel’s affidavits or testimony. Unfortunately, in this case we do not have the benefit of findings or explanation by the trial court of its reasons for resolving any of those issues against the appellant. However, none is required. We cannot conclude that one seeking relief on this allegation alone is entitled, per se, to prevail nor that the trial court lacks discretion to resolve these issues against a petitioner. We recognize that, here, the motion came only a matter of days after the sentence. However, in the absence of a per se reversal rule, such timing is simply an additional factor for the trial court to consider. Therefore, the order is affirmed. Cf. Qualls v. State, 315 So.2d 482 (Fla. 4th DCA 1975). See also Staggers v. State, 564 So.2d 1181 (Fla. 4th DCA 1990); Morgan v. State, 414 So.2d 593 (Fla. 3d DCA 1982).
HERSEY and STONE, JJ., concur.
GLICKSTEIN, C.J., dissents with opinion.