W. SHARP, Judge.
Small appeals from his convictions and sentences for the sale of cocaine within one thousand feet of a public school[1] and possession of cocaine.[2] On appeal Small contends that the trial court should have allowed him to withdraw his guilty pleas, that points should not have been assessed on his scoresheet for üncounseled convictions, and that legal constraint points should not have been assessed for each offense at sentencing.[3]
As to the first issue on appeal, Small argues that the trial court should have allowed him to withdraw his guilty pleas because of a misunderstanding involving the recommended sentence. Small was originally represented by Public Defender, Myers. She mistakenly informed Small regarding the degree and minimum and maximum penalties for count I (sale of a controlled substance within one thousand feet of a school). Small agreed to plead guilty to the two offenses and in return, the state waived the minimum mandatory sentence and agreed to the imposition of a sentence from the bottom of the applicable recommended guidelines range. Both Myers and Small believed that the bottom of the applicable recommended range was community control because Myers incorrectly scored the first count as a second degree felony, not a first degree felony, which it actually is. When Small’s score was later correctly calculated, the bottom of the recommended range was 5V2 to 7 years imprisonment. Small was sentenced to 5V2 years on count I and 5 years on count II (to be served concurrently with count I).
At the plea hearing, Small was represented by a different public defender, Win-fough. Small was questioned about his understanding of the nature of his plea, the maximum statutory penalties and the terms of the plea agreement. The trial judge had Winfough correct the plea agreement to show count one is a first degree felony. But, what the recommended bracket would then be was not mentioned. Small responded that he understood all the matters raised by the judge.
At the sentencing hearing, Myers moved to withdraw Small’s guilty plea because she had originally under-calculated his sentencing score, in explaining the plea bargain to him. She told him he would fall within the second cell, for which community control is the “bottom” of the recommended range. She took full responsibility for misinforming Small.
The major error in Myer’s calculation of the first scoresheet was her misconception that count I is a second degree felony rather than a first degree felony. When it was scored as a second degree felony, even with the additional 14 points (erroneously added for legal constraint), Small fell within the second sentencing cell. However, when it was properly scored as a first degree felony (even without the 14 additional legal constraint points), Small fell within the sixth bracket where 5½ years is the bottom of the recommended range.
The court refused to allow Small to withdraw his plea because the judge had established a policy of not telling defendants what sentencing bracket applies to them, prior to receiving a P.S.I. One had not then been received for Small when the judge was advised of the plea bargain by *520 Myers. Nor had it been received at the hearing when he accepted the plea bargain. We are sympathetic with the court’s efforts to establish its policy — which is a good one.
However, in this case, the policy was not followed, and Small was apparently misled. Further, the content of the PSI was not the reason why Small’s score was miscalculated. Under these circumstances, Small’s plea was not voluntary, and he should have been permitted to withdraw it. Mantle v. State, 592 So.2d 1190 (Fla. 5th DCA 1992); Forrester v. State, 580 So.2d 300 (Fla. 5th DCA 1991).
Accordingly, we quash the judgment and sentences and remand for further proceedings. Neither side shall be bound by the plea agreement, and we return this cause to “square one.” Although mooted by this decision, we note for future reference that the legal constraint points should not have been multiplied for both counts[4] and that Small may be able to reduce the scores for one or some of the prior misdemeanors on his record, by properly challenging them, pursuant to State v. Beach, 592 So.2d 237 (Fla.1992). Beach was decided after Small’s sentencing hearing.
REVERSED and REMANDED.
DAUKSCH and DIAMANTIS, JJ., concur.

. §§ 893.03(2)(a)4 and 893.13(l)(e)l, Fla.Stat. (1989).

. §§ 893.03(2)(a)4 and 893.13(l)(f), Fla.Stat. (1989).

.Flowers v. State, 586 So.2d 1058 (Fla.1991).

. See Flowers v. State, 586 So.2d 1058 (Fla. 1991).