RYDER, Acting Chief Judge.
Kim James Jasperson seeks review of the sentence imposed upon his revocation of probation. He contends that the trial court erred in sentencing him pursuant to a revised scoresheet and in denying the motion to withdraw his plea. We reverse.
Jasperson was originally charged with three counts of grand theft to which he pleaded guilty. He was sentenced to four years’ probation, concurrent on all three counts. The original scoresheet which reflected a total score of twenty-nine points included as prior record only one third degree felony for a recommended range of any nonstate prison sanction. The state was aware at the time of his original arrest of his aliases, William De Grace and Tommy Lee. Approximately two years later, appellant violated probation by committing an armed robbery (later reduced to misdemeanor petit theft) using the alias, William John Rossi, and by committing grand theft (auto) and dealing in stolen property using another alias, William Daniel De Grace. Following appellant’s revocation of probation, the state submitted at the sentencing hearing a revised scoresheet which included prior offenses not previously listed. The new scoresheet totalled 194 points and placed him in the ninth cell with a recommended range of twelve to seventeen years. Appellant moved to withdraw his plea which was denied by the trial court. He was then sentenced to twelve years’ incarceration based upon sentences of five years on each of two counts and two years on the third count, consecutive.
Since the entry of the sentences herein, appellant has been released from prison by the control release authority. Although the state suggested via motion to dismiss that these issues are moot, appellant is subject to return to prison should he violate the conditions of his control release. The motion to dismiss was denied by this court.
Appellant first asserts the trial court’s error in denying the motion to withdraw his plea because he was not fully informed about his possible sentence. Because he was allegedly unaware of the possibility of such a severe penalty, he claims that he is entitled to a withdrawal of his guilty plea. See Mikenas v. State, 460 So.2d 359 (Fla.1984); Smith v. State, 556 So.2d 804 (Fla. 2d DCA1990).
The state submits that appellant was aware at the original sentencing hearing that the sentencing guidelines scoresheet reflected only one prior third, and that, therefore, appellant’s misrepresentations as to his prior record were implicit in his silence at that hearing. Therefore, the state argues that Goene v. State, 577 So.2d 1306 (Fla.1991) applies to legally resen-tence appellant to a greater term.
The standards for the withdrawal of a guilty plea after sentence is imposed permit withdrawal when the defendant proves that the plea was entered without knowledge that the sentence actually imposed could be imposed. Williams v. State, 316 So.2d 267, 273-74 (Fla.1975); ABA Standards Relating to the Administration of Criminal Justice, Pleas of Guilty, 14-2.1 (1979). See also Smith (appellant might be entitled to relief where counsel led him to believe that by pleading guilty he would receive a two and one-half-year term of imprisonment, but failed to advise him that he could or would be sentenced as a habitual offender).
We find that appellant’s plea of guilty was entered without knowledge that the twelve-year sentence could have been imposed. Accordingly, we hold that the trial court erred in denying appellant’s motion to withdraw.
Appellant raises as his second issue the trial court’s error in utilizing the revised scoresheet in sentencing. It is the state’s duty to prepare the scoresheet for *146 sentencing. Fl.R.Crim.P. 3.701 d.l. A trial court must use the original scoresheet when sentencing a defendant on a violation of probation. Harris v. State, 574 So.2d 1211 (Fla. 2d DCA1991). The use of an alias should not prevent the state from obtaining a complete record of prior convictions. Harris.
We reject the state’s argument that the Goene case applies to these facts. The record is devoid of any affirmative misrepresentation by appellant concerning his pri- or record. Moreover, the record does not support a conclusion that his counsel was aware of appellant’s prior record at that time. We decline to infer that his silence at the original sentencing implied an affirmative misrepresentation concerning his prior record.
We hold that the trial court committed error in using the revised scoresheet and remand for resentencing based upon the original scoresheet. Although the original scoresheet must be utilized on remand, appellant’s additional substantive offenses must be included as discussed in State v. Stafford, 593 So.2d 496 (Fla.1992). The sentence may also be bumped to one higher cell for each violation of probation. Williams v. State, 594 So.2d 284 (Fla.1992).
Reversed and remanded for resentenc-ing.
PARKER and PATTERSON, JJ., concur.