DIAMANTIS, Judge.
Appellant appeals his sentence. We conclude that dismissal is required because the sentence is not subject to appeal.
Appellant pled nolo contendere to the charge of grand theft.[1] Appellant committed this offense on or about November 13, 1991. Although the applicable guidelines scoresheet provides for a presumptive sentence of any nonstate prison sanction, the trial court sentenced appellant to a term of 22 months imprisonment without giving any written reasons.
Appellant contends that the 22-month sentence constitutes a departure sentence, and that the trial court erred in imposing such a sentence without the requisite contemporaneous written reasons. However, appellant’s contention overlooks section 921.001(5) of the Florida Statutes (1991) which provides in pertinent part:
[A]ny person sentenced for a felony offense committed after October 1, 1988, *219 whose presumptive sentence is any non-state prison sanction may be sentenced to community control or to a term of incarceration not to exceed 22 months. Such sentence is not subject to appeal. [Emphasis added].
Because appellant committed the subject offense after October 1, 1988, the 22-month sentence is both proper and not ap-pealable. Compare Isreal v. State, 573 So.2d 975 (Fla. 5th DCA 1991) (defendant committed offenses prior to October 1, 1988).
Appeal DISMISSED.
DAUKSCH and GRIFFIN, JJ., concur.

. § 812.014(l)(4)(c), Fla.Stat. (1991).