647 So.2d 287 (1994)
Daniel Joseph RICARDO, Appellant,
v.
STATE of Florida, Appellee.
No. 93-01240.
District Court of Appeal of Florida, Second District.
December 9, 1994.
Richard R. Kosan, Asst. County Atty., Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
FULMER, Judge.
The defendant appeals the denial of his motion to withdraw his guilty plea. We reverse and remand for an evidentiary hearing.
The defendant's motion alleged that he entered his guilty plea in reliance upon his attorney's representation regarding the meaning of the trial court's statement that the court would "treat the defendant fairly" if the defendant entered a guilty plea. The attorney allegedly advised the defendant that this meant that the trial court would impose a regular guidelines sentence and not a habitual offender sentence.
Instead of holding an evidentiary hearing on the motion, the trial judge reviewed the *288 transcript of the plea and sentencing hearing, which had been conducted by another judge. The motion was denied on the basis that the sentencing judge made no statement which could be interpreted to be a promise of a guidelines sentence. This finding, however, does not address the issue of whether the defendant's lawyer made him such a promise.
A defendant's guilty plea is considered involuntary if it is induced by a defense counsel's promise which is not kept, and a defendant may withdraw his plea if he was misled and induced to plead by his counsel's mistaken advice. See Weidmann v. State, 523 So.2d 737 (Fla. 2d DCA 1988); Shell v. State, 501 So.2d 1334 (Fla. 2d DCA 1987).
Accordingly, the case is reversed and remanded for the court to reconsider the defendant's motion after conducting an evidentiary hearing regarding the allegations in the motion.
DANAHY, A.C.J., and ALTENBERND, J., concur.