ON MOTION FOR REHEARING

FARMER, Judge.
We vacate our earlier opinion, substituting a reversal for the previous affirmance. On remand the trial court shall conduct an evidentiary hearing on defendant’s motion for posteonvietion relief at which he should be given an opportunity to establish that in agreeing to enter his plea he was misled by the trial judge’s representations as to the probable length of time he would likely serve on the proposed sentence which, in turn, vitiated the voluntariness of the plea.
At the plea hearing the judge told defendant that if he pleaded guilty he would be sentenced to 3 years, 2 months, in state prison. Defendant inquired as to how much of the sentence he would be required to serve, and the judge responded:
“Sir, you have 71 days credit for time served. I mean, I don’t know for sure, but normally they’re doing probably about 5 months, 6 months, and that’s just a guess. I have no idea. For all I know you could be out by this weekend.”
Defendant then consulted with his lawyer during a recess, after which defendant again asked to know the length of actual time he would spend in prison, saying:
“I just want to know a ball-park figure. 1 just want to know because I have been told so many things this past year that I don’t know what.”
The following then occurred:
“COURT: Sir, I can’t—
“LETO: I get credit for time served for 71 days?
“COURT: 71 days credit for time served and, you know, on a 3 year, 2 month sentence, sir, you’ll probably do about 6 months the most.
“LETO: And no probation, nothing after that?
“COURT: No probation or community control afterwards, sir. And don’t bind me. I’m not being — I can’t tell you for sure how much time you’ll do on a 3 year, 2 month sentence. But you read the papers as much as I do. And you know you certainly don’t do that much time. So is this what you want to do?
“LETO: Yeah.”
At that point, he pleaded guilty and the court sentenced him to a term of 3 years, 2 months. Barely 4 months later he filed his motion for posteonvietion relief, arguing that his plea was involuntarily induced by the trial judge’s representations as to the length of his actual prison time. We initially affirmed the trial court’s denial of the motion without opinion.
Leto’s motion for rehearing convinces us that he should at least have an evidentiary hearing on his claims. If proven to the satisfaction of a trial judge, they are sufficient to raise a claim of involuntariness induced by the judge’s representation. The cases hold that erroneous advice by defense *1110 counsel as to the probable length of confinement may affect voluntariness where the defendant can show that the plea would not have been made without the erroneous advice. See, e.g., Warren v. State, 638 So.2d 156 (Fla. 2d DCA 1994); Elias v. State, 531 So.2d 418 (Fla. 4th DCA 1988); Mantle v. State, 592 So.2d 1190 (Fla. 5th DCA 1992); Joyner v. State, 583 So.2d 726 (Fla. 4th DCA 1991), rev. denied, 595 So.2d 557 (Fla.1992); Lundgren v. State, 581 So.2d 206 (Fla. 1st DCA 1991); Wade v. State, 488 So.2d 127 (Fla. 3d DCA 1986).
Indeed, in Mantle, the court expressly held that even statements by the trial judge that mislead the defendant into pleading when he would not otherwise have done so may require that leave be given to withdraw a plea. The statements of a judge, the one person in the courtroom given special deference by the parties, may have a special luster of authoritativeness they should otherwise lack, even where the judge couches them in legalese and disclaimers. If Leto can prove that the trial judge’s statements here affected the voluntariness of his plea, he should be given a chance to withdraw it.
REVERSED.
DELL, J., concurs.
STONE, J., dissents with opinion.