782 So.2d 944 (2001)
Jose J. FERNANDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-3624.
District Court of Appeal of Florida, Fourth District.
April 4, 2001.
Jose J. Fernandez, Avon Park, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Kristine Keaton, Assistant Attorney General, Fort Lauderdale, for appellee.
PER CURIAM.
On remand, the trial court held an evidentiary hearing on two issues raised by appellant in his rule 3.850 motion for postconviction relief.[1] We reverse the denial of his motion on the issue concerning sentencing misadvice.
*945 Appellant was charged by information with burglary of a dwelling and grand theft. Initially, at his arraignment, appellant entered a plea of not guilty. About two weeks later, he pled guilty or no contest to both charges and received a sentence of fifteen years imprisonment as a habitual offender for burglary and ten years as a habitual offender for grand theft. Both sentences were ordered to run concurrent to one another and concurrent to a ten year habitual offender prison sentence imposed earlier by a Dade County circuit court.
In an amended motion for postconviction relief, appellant alleged that his plea was involuntary because it was based on misrepresentation, by both the trial court and his defense counsel, as to the maximum sentence he could receive if he were found guilty after a trial: thirty years as a habitual offender for burglary of a dwelling and ten years as a habitual offender for grand theft, for a total of forty years consecutively. Appellant later learned that, because both offenses were committed during a single criminal episode, the habitual offender sentences would have to run concurrently, and that he could not have received more than thirty years on the burglary charge and ten years on the grand theft concurrently, for a total term of thirty years as a habitual offender. See Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, 513 U.S. 909, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). He swore that if he had been correctly advised that his total exposure was thirty years, rather than forty years, as a habitual offender, he would not have entered the plea but would have proceeded to trial.
Following an evidentiary hearing at which both appellant and his former defense counsel testified, the trial court denied the motion based on its conclusions that the transcript of the plea hearing showed that the judge who accepted the plea correctly advised appellant of the maximum sentences he could receive; that the plea form that appellant signed and his guidelines scoresheet also correctly reflected the maximum sentences; and that the judge at the plea hearing did not tell appellant he could be sentenced to forty years.
These conclusions are not supported by the record. The transcript of appellant's arraignment, at which he entered a plea of not guilty, clearly shows that the trial judge advised him then that he was facing a possible sentence of forty years as a habitual offender. Nothing the judge later said during the change-of-plea proceeding corrected that statement. In fact, when appellant asked at the plea hearing whether conducting a presentence investigation prior to his sentencing was likely to help him get a lower sentence, the judge indicated that the Department of Corrections might well come back with a recommendation of "30 years, followed by ten years as a habitual offender." (Emphasis added). The record does not reflect that anyone corrected the erroneous implication that such a sentence would have been lawful. It does not appear that anyone at the plea hearing considered Hale in calculating appellant's actual maximum possible habitual sentence.
The plea agreement, which called for a habitual sentence of fifteen years, specified appellant's guidelines range and the statutory maximum for each count, but did not show the maximum sentence that appellant faced as a habitual offender, although habitual sentencing was contemplated from the time of his arraignment. The guidelines scoresheet, which was not included in the record submitted to this court, apparently showed his guidelines sentencing range, including a permitted range of seventeen to forty years, but guidelines sentencing *946 was never contemplated, and there is no indication that the scoresheet reflected appellant's maximum habitual sentence either.
Because the trial court's conclusion that defendant was accurately advised regarding the sentencing possibilities is not supported by the record, we reverse and remand for the trial court to vacate appellant's convictions and sentences and allow him to proceed to trial.
REVERSED and REMANDED.
KLEIN, SHAHOOD and TAYLOR, JJ., concur.
NOTES
[1] This court's reversal of the summary denial identified three claims that were legally sufficient: the third, fifth and seventh. See Fernandez v. State, 701 So.2d 632, 632 (Fla. 4th DCA 1997). The evidentiary hearing concerned all three, but in the instant appeal, appellant did not claim error in the trial court's denial of his seventh claim.