796 So.2d 1286 (2001)
Tommy VANCE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-48.
District Court of Appeal of Florida, Fifth District.
October 19, 2001.
*1287 James B. Gibson, Public Defender, and Scott Ragan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
Tommy Vance appeals the trial court's order denying his motion to withdraw his plea. He argues that the plea colloquy was constitutionally insufficient to assure that his plea was intelligent and voluntary. Because the error complained of is neither fundamental nor was it raised below, we affirm. See Fla. R.App. P. 9.140(b)(2)(A)(ii)c.
Vance was charged with burglary of a conveyance and petit theft. Vance was also charged with violation of probation in two prior cases, each involving burglary of a dwelling and grand theft. Vance reached a plea agreement with the state in which he would plead guilty to all charges in exchange for a sentence of five years in prison or a minimum scoresheet sentence, whichever was greater.
Vance appeared at a plea hearing where he signed a form describing the rights he was waiving. After Vance's attorney described the charges and plea agreement to the court, the following plea colloquy ensued:
BY THE COURT:
Q. Are you under the influence of any drug or alcohol at this time?
A. I take psychiatric medication.
Q. Tell me what you take and how you feel right now.
A. I take depression medication and I feel alright.
Q. Do you understand what Mr. Leone-what he just said your sentence was in this case?
A. Yes, I guess.
Q. Has anybody forced you to do this?
A. No, sir.
Q. Are you satisfied with the services of your attorney, Mr. Leone?
A. Yes, sir.
THE COURT: I find your plea to be free and voluntary after consultation with a competent lawyer with whom you say you are satisfied.
The state then proceeded to establish a factual basis for the plea. The court accepted the plea and ordered a presentence investigation.
Later, Vance filed a motion to withdraw his guilty plea, which stated:
Defendant wants to withdraw his plea because it is not in his best interests and because he was on medication at the time of his plea and did not understand what he was doing, and that accordingly, the plea was not freely and voluntarily made.
At the hearing on the motion to withdraw his plea, Vance testified that he recalled entering the guilty plea, but now wanted to withdraw his guilty plea "because I'm getting five years and I want to try to get something better than that". The judge explained to Vance that the minimum sentence he could receive would *1288 be 56.25 months under the scoresheet. Vance understood but asked not to be sentenced to prison. Vance further testified that he was 25 years old, worked in construction as a carpenter and completed the ninth grade. Vance testified that he suffered from depression, was hyper and could not "think real good a lot," but had never received social security disability benefits. Based on this testimony, the court denied Vance's motion to withdraw his plea and sentenced Vance. Vance timely appealed.
Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)c. allows a defendant to appeal from "an involuntary plea, if preserved by a motion to withdraw plea." Although Vance filed a motion to withdraw his plea and presented evidence in support of the motion, he did not argue the same grounds as he now does on appeal. In the motion, Vance argued that his plea was involuntary because he was on medication and argued that the plea was not in his best interest. At the hearing, Vance testified that the only reason he wanted to withdraw his plea was his hope of obtaining a more lenient sentence than the one to which he had previously agreed. On appeal, Vance argues that the plea was involuntary because the plea colloquy was constitutionally insufficient. This argument was not presented in the motion to withdraw the plea or at the hearing.
Because Vance failed to properly preserve this argument below and the alleged error is not fundamental, we affirm his judgment and sentence. See Eusse v. State, 717 So.2d 1049 (Fla. 3d DCA 1998); Washington v. State, 510 So.2d 355, 356 (Fla. 2d DCA 1987). Our affirmance, however, is without prejudice to Vance to file a Rule 3.850 motion alleging the involuntariness of his plea.[1]
AFFIRMED WITHOUT PREJUDICE.
PALMER, J., concurs.
GRIFFIN, J., dissents, without opinion.
NOTES
[1] We note that the trial judge's plea colloquy fail to comply with Florida Rule of Criminal Procedure 3.172(c). Although Vance signed a written plea form, it is not clear whether he understood or discussed the plea form with his attorney. Therefore, when addressing the Rule 3.850 motion, the trial judge should be mindful of Koenig v. State, 597 So.2d 256 (Fla.1992).