827 So.2d 1073 (2002)
Willie BOLES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-1101.
District Court of Appeal of Florida, Fifth District.
October 11, 2002.
James B. Gibson, Public Defender, and Scott Ragan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Lori N. Hagan, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
Boles appeals an order which denied his motion to withdraw no contest pleas. Boles was sentenced as an habitual offender on three separate cases as follows: 10 years on each count concurrent in case number CR00-5488, 10 years on each count concurrent in case number CR 00-16647, and five years probation on each count consecutive in case number CR00-16648. The court ran the sentences in each case consecutively "for a total of 20 years ... followed by 10 years probation."
Boles argues he was never informed of the potential maximum sentence and mistakenly thought that the maximum sentence he could receive was ten years.
Florida Rule of Criminal Procedure 3.172(c)(1) requires the trial judge to personally address the defendant and determine that he or she understands "the nature of the charge to which the plea is *1074 offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law." Contrary to Boles' assertion that "neither the State nor the judge ever informed" him of the maximum sentence, the record demonstrates that the prosecutor explained the potential maximum sentence.
At the plea hearing, the following exchange occurred:
The Court: There's been no agreement reached?
Mr. Larr: No.
The Court: And what is the potential that the state is looking at?
Ms. Heller: Judge, potential defendant's sentence could becould receive a sentence of 10 years as a habitual felony offender on each, really on each of the cases, and they could be stacked. So potentially could receive a sentence he could receive a sentence of 10 years.
On my understanding of the law, on CR00-16648 he could receive a sentence of 10 years as an HFO on one of the counts, plus five years on the other count. My understanding of the law, you can't stack the HFO sentence on one case, but you canbut these are different cases. So he can receive 15 years on that case.
On CR00-5488 he could receive a sentence of 10 years as HFO on any one of those F3 counts, plus five years on the other F#'s on that, the other counts, plus 60 days on each of the misdemeanor counts.
On CR00-16647 he can receive a sentence of 10 years as an HFO, plus five years on the second count, that's my understanding. And in each of those from case to case can be consecutive.
* * *
The Court: And you've been advised by your attorney of the potential that the state could be seeking, and you've heard Ms. Heller indicate what she thinks the sentences that could be imposed are; is that correct?
The defendant: Yes, sir.
Accordingly, Boles' claim that neither the state nor the judge informed him of the maximum sentence is without merit.
We note that the state incorrectly explained the maximum sentences. For example, in case number CR00-16648, Boles was charged with grand theft and forgery, which arose on the same date with the same victims. The prosecutor's statement that he could receive 15 years total on this case would appear to violate Hale v. State, 630 So.2d 521 (Fla.1994) (once defendant's sentences for multiple crimes committed during single criminal episode were enhanced through habitual felony offender statutes, total penalty could not be further increased by ordering that sentences run consecutively). The same is true in case numbers CR00-16647 and CR00-5488. Thus, the prosecutor's statement at sentencing that Boles was facing a maximum of 50 years was incorrect. He was actually facing 30 years.
Generally, when a defendant is incorrectly advised of the maximum sentence, he should be allowed to withdraw his plea. See, e.g., Mantle v. State, 592 So.2d 1190 (Fla. 5th DCA 1192); Fernandez v. State, 782 So.2d 944 (Fla. 4th DCA 2001). However, in the instant case, Boles never argued that he was incorrectly informed of the maximum sentence and that he relied on this misrepresentation. Instead, he argued below and on appeal that he was never informed of the maximum at all, and that he believed the maximum was 10 years, based on the fact that the prosecutor announced that she was seeking 10 years incarceration. Because Boles failed to raise this argument below or on appeal, we do not address this issue. See Vance v. State, 796 So.2d 1286 (Fla. 5th DCA 2001). In any event, there is no evidence that the *1075 error contributed to his decision to enter the plea.
Boles also claims he mistakenly believed that the maximum sentence he could receive was 10 years. The evidence on this issue was conflicting. As the passage from the transcript above indicates, the prosecutor stated at one point that Boles "could receive a sentence of 10 years." However, just before that comment, she clearly indicated that his sentences on the three separate cases could be stacked. Just after the comment, she explained the potential sentence in each case and stated that the sentences on those cases could be run consecutively. Boles indicated that he heard the prosecutor recite the potential sentences.
At the sentencing hearing, the prosecutor stated that Boles faced up to 50 years. The fact that Boles failed to question this statement or move to withdraw his plea before his sentence was imposed belies his claim that he thought the maximum sentence he could receive was 10 years.
At the hearing on the motion to withdraw the plea, Boles testified that he did not understand the term "stacked," but admitted that he remembered the prosecutor stating that the sentences could be run consecutively. Additionally, it was repeatedly established that Boles was intelligent, articulate and well acquainted with the criminal court system. Based on this conflicting evidence, the trial judge denied the motion. We find competent substantial evidence to support the judge's decision and conclude that he did not abuse his discretion.
AFFIRMED.
COBB and SHARP, W., JJ., concur.