WELLS, Judge.
James Wilson appeals an order denying his 3.850 motion for post conviction relief.[1] We remand for clarification of the sentencing order at issue.
This case involves criminal charges against Wilson in lower court case number 01-8185 in which he was charged with possession of cocaine with intent to sell/deliver and with possession of marijuana with intent to sell/deliver. Wilson elected to plead guilty to these charges in exchange for a sentence of 59.25 months in prison. At the time of the plea, Wilson was on community control from a seven year prison sentence (with a three year minimum mandatory) in an earlier case, case number 94-9233, in which he had been convicted of attempted second degree murder. The transcript of the plea hearing in the instant case indicates that the trial court was under the impression that Wilson had already completed his seven year sentence in case number 94-9233. Specifically, the trial judge stated “Seven years, he’s already out?” To which the State responded, “yes.” Neither Wilson nor his attorney corrected this statement nor did anyone advise the trial court that Wilson was still serving a portion of his sentence in the 1994 case. In sentencing Wilson to the 59.25 months agreed, the trial court assured Wilson that “no one here can tell you the exact amount of time you will serve, other than to tell you that you will not serve in access [sic] of the time in which [sic] you are being sentenced to.”
Wilson maintains that in accepting the plea, it was his understanding, as supported by both the trial court’s comments and its failure to indicate whether this sentence was to run concurrent with or consecutive to any other or existing sentence, that he would be serving no more than 59.25 months in prison. He seeks relief here because the Department of Corrections has now tacked the 59.25 month sentence in this case onto his existing seven year sentence in case number 94-9233 for a total of 11.25 years. See § 921.16, Fla. Stat. (2003) (“[sentences of imprisonment for offenses not charged in the same indictment, information, or affidavit shall be served consecutively unless the court directs that two or more of the sentences be served concurrently ”) (emphasis added).
Because the trial court could not have made a decision on whether Wilson’s sentence should run concurrently or consecutively absent knowledge of the true status of his prior sentence in case number 94-9233, we remand for a determination as to whether the 59.25 months in this case is to run concurrent with or consecutive to the *421 seven year sentence in 94-9233. See Byrd v. State, 853 So.2d 1103 (Fla. 4th DCA 2003)(remanding with instructions for the trial court to exercise its discretion and reconsider the imposition of a consecutive sentence after finding that at sentencing, trial court was under misimpression that it was obligated to impose a consecutive sentence.)
Considering the trial court’s statements, should the court below conclude on remand that the sentence in 01-8185 and 94-9233 are to run consecutively, Wilson must be accorded the opportunity to -withdraw his plea and to proceed to trial. See Fla. R.Crim. P. Rule 3.850(a)(5)(providing grounds for claims for relief .from judgment include “[t]he plea was involuntary”); Boles v. State, 827 So.2d 1073, 1074 (observing “[generally, when a defendant is incorrectly advised of the maximum sentence, he should be allowed to withdraw his plea”); Mantle v. State, 592 So.2d 1190, 1193 (Fla. 5th DCA 1992)(concluding “if the record reveals a reasonable basis to conclude that a defendant was misled by a statement at the plea hearing made by the judge or by one or both of the attorneys (defense counsel or prosecutor) he should be permitted to withdraw his plea and go to trial”).
Remanded with instructions.

. This motion was filed under two case numbers, 94-9233 and 01-8185. The trial court correctly found that as to case number 94-9233, Wilson’s motion was untimely. It was, however, timely as to case number 01-8185.