LAWSON, J.
Tommie G. Horn appeals an order denying his motion to withdraw no contest pleas that he entered to three alleged probation violations on underlying charges of DUI manslaughter and DUI with serious bodily injury. In his sworn motion to withdraw pleas, Horn alleged that his counsel misinformed him that the maximum sentence he could receive if he admitted the violations was fifteen years in prison,'and that he would not have entered the pleas if he understood that he faced a more severe sentence. Counsel admits that he did misadvice Horn as to the potential sentence,. and the plea transcript supports the claim as well. In fact, during the plea hearing, the trial court relied on defense counsel’s erroneous statement as to the maximum penalty, and also told Horn that he faced a maximum penalty of fifteen years in prison. In reality, Horn scored 390.25 months (more than 32 years) as a maximum sentence. And, after Horn admitted the violations, the trial court ultimately imposed a sentence of 234.15 months (more than 19 years) in prison.
In light of the misadvice given to Horn as to the potential sentence he faced upon entry of his pleas, the trial court should have granted Horn’s motion and allowed him to withdraw the pleas- See, e.g., Leto v. State, 658 So.2d 1108, 1109-10 (Fla. 4th DCA 1995) (“The cases hold that erroneous advice by defense' counsel as to the probable length of confinement may affect voluntariness where the defendant can show that the plea would hot have been made without the erroneous advice.”) (citations omitted); Small v. State, 600 So.2d 518 (Fla. 5th DCA 1992) (holding that a defendant must be allowed to withdraw a plea entered based upon the misadvice of counsel regarding potential penalties to be faced upon entry of the plea); Mantle v. State, 592 So.2d 1190, 1193 (Fla. 5th DCA 1992) (“[I]f the record reveals a reasonable basis to conclude that a defendant was misled by a statement at the plea hearing made by the judge or by one or both of the attorneys (defense counsel or prosecutor) he should be permitted to withdraw his plea and go to trial.”); Huot v. State, 516 So.2d 1140, 1141 (Fla. 4th DCA 1987) (“Failure to advise a defendant of a maximum possible sentence prevents the defendant from being properly apprised of the *986 significance of his plea and is therefore error for which the defendant must be afforded the opportunity to withdraw a plea of guilty.”) (citation omitted).
Accordingly, we reverse the order on appeal and remand with directions that Horn be allowed to withdraw his no contest pleas to the probation violations.
REVERSED and REMANDED with directions.
SAWAYA and JACOBUS, JJ., concur.